Harkey v. Tillman.

## HARKEY VS. TILLMAN.

40 551
61 347

1. CHANCERY JURISDICTION: *To grant new trial.*
    Where a party has lost the benefit of a just and meritorious motion for a new trial by accident, fraud or mistake, he may obtain relief by bill in equity. (In this case the motion was continued by consent to a day in an adjourned term, which, from accident, was not held, and the judgment thereby became final.—REP.)

2. REPLEVIN: *Possession in defendant at time of suit not necessary.*
    One wrongfully detaining property and refusing to deliver it on demand may be sued in replevin, though he has parted with the possession at the time of the suit.

3. SAME: *When partner may have.*
    A partner in a chattel who has the exclusive right to control and sell it may maintain replevin for it against the vendee of his co-partner who has notice of his right.

4. PARTNER: *Tenants in Common: Power and right of.*
    A partner or tenant in common of a chattel may by parol give up to his co-partner the property or the exclusive right to control it, but cannot sell it for his own purposes to a third party without the partner's consent.

5. PRACTICE IN CHANCERY:  *On bills for new trial at law.*

When in a bill in equity for a new trial at law, the Chancellor can see no material error in the proceedings and no injustice in the judgment at law, he should dismiss the bill.

APPEAL from *Yell* Circuit Court in Chancery.

Hon. W. D. JACOWAY Circuit Judge.

*W. W. Mansfield* for appellant.

That equity will afford relief in cases like this, whenever the new trial sought should have been granted, is well settled. The sufficiency of the bill depends therefore on that of the motion for new trial.

1. One partner cannot bring replevin against his partner or his vendee, until division. 32 *Ark.,* 470; 34 *Ib.,* 830.

2. Replevin will not lie, when the property is not in the possession of defendant at the time the suit is commenced. *Gantt's Dig.,* sec. 5034 *and notes.* There must be a wrongful *detention.* See also *Nash. Pl. and Pr.* (4th *Ed.*) 2d *Vol. p. p.* 812-821 *and* 822.

3. Argues upon the instructions and cites *Alexander v. Pardue,* 30 *Ark.,* 359.

*G. S. Cunningham* for appellee.

"Replevin does not lie against one not in possession of goods, but where the statute allows plaintiff to have judgment for the goods or their value the reason for the rule would not apply." *Wells on Replevin, p.* 78, *sec.* 154.

"Suit in Replevin may be maintained after the defendant has parted with the goods. *Ib.* 85, *sec.* 151. See also *Washington v. Love,* 34 *Ark., p.* 93.

1. NEW TRIAL. Chancery jurisdiction to grant.

EAKIN, J. The appellee Tillman, on an appeal from a Justice of the Peace, recovered, in the Circuit Court, a judgment in Replevin against Harkey for the value of a bale of cotton. There was a motion for a new trial,

which, on account of the pressure of business·upon the Court, was not immediately decided, but upon consent of all parties, was held over to be considered at a future day, at an adjourned session of the same term. By accident, from unforeseen circumstances, the adjourned session could not be held, and the term closed·by operation of law; so that the judgment became irrevocable at law, and the defendant in replevin lost the benefit of·his motion, and was precluded from his appeal. He then filed this bill in chancery, to obtain a new trial, exhibiting copies of the evidence and proceedings in the Circuit Court, with the instructions given, and other matters relied upon to show the merits of his application for·relief.

The defendant in the bill, Tillman, who was plaintiff in replevin, answered the bill, admitting sufficient facts to show that the complainant had been deprived by accident of any advantage from his motion for a new trial, but setting up by way of denial and answer that the motion was not in itself meritorious, and that no new trial should have been granted if the motion had been heard and determined. The cause was heard upon the exhibits to the bill, taken by consent as depositions and upon some agreed facts, and the bill was dismissed for want of equity. The complainant Harkey appeals.

The complainant having lost the benefit of his motion for a new trial by accident, and being thus cut off from his right of appeal, might properly seek relief in chancery, as was held in *Leigh v. Armour*, 35 *Ark.*, 123.

But the action of chancery cannot in such cases be imperatively demanded. It must be moved by some apparent hardship in the circumstances, some failure of justice from accident, or fraud, or mistake, as the case may be. It will not interfere on mere technical grounds. For, although it will interfere with the regular course

of any other tribunals upon the special grounds above mentioned, and grant that relief which the particular tribunal from its inflexible rules cannot give, it is rather in aid of justice than for the correction of error. It must appear that substantial injustice, or failure of justice, has occurred. In other words the application must show merits. This suit must be tested by that rule.

The amount in controversy is comparatively small, being less than forty dollars. The evidence tends, with considerable preponderance, to show, that the cotton was raised by a tenant of Tillman, one Pearson, upon a contract to divide the crop between them; and that Pearson, owing Tillman a considerable amount of money, had agreed to let him control and sell the crop and repay himself out of Pearson's share. That the cotton had been hauled to Harkey's gin, had been baled and marked in Tillman's name. That Pearson, without authority, sold one of the bales to Harkey; that Tillman demanded it and was refused; and that Harkey sold it shortly afterwards, on the day before the writ of replevin issued. The cotton was not found and the cause proceeded to judgment for its value.

It would require more time than the importance of the case demands to discuss in detail the several instructions given, refused, and modified. It may suffice to say that the material points relied upon in defense were:

1st. That the action did not lie, because the defendant was not in possession of the cotton when the writ issued; 2d. That one partner, owning a half interest in a chattle, could not recover in replevin from the other or his vendee, and 3d, that the verdict was contrary to the evidence. Instructions which seemed framed by the defendant in replevin to impress the minds of the jury with the two principles thus contended for, were refused or modi-

Harkey v. Tillman.

fied; and instructions on the other side given in contravention of those doctrines as applicable to the case.

Actual possession of the property by defendant is not always essential, at the time of the writ. That would be a very inconvenient rule, which would enable one who had wrongfully taken or detained property from the owner to refuse to deliver, and hold to the last moment before the writ, and then evade a suit by a transfer of possession. His successor might do the same; and his after him; and so on *toties quoties*, until the costs of writs to the owner would consume the property. When one is wrongfully detaining property and refuses it on demand, he is liable to the action, although it may not remain in his possession when suit is brought. This is the doctrine in New York. *Nichols v. Michael*, 23 *N. Y.*, 266, which has been followed by this Court in *Washington v. Love*, 34 *Ark.*, 93. It is the common law as to detinue, and we apprehend applies in all States where compensation in place of the property can be given in replevin, which thus becomes the substitute for detinue.

> 2. REPLEVIN.
> Possession in defendant at time of suit not necessary.

A partner may, under the circumstances indicated by the preponderance of proof in this case, maintain replevin without his co-partner. It was held in *Brittin v. Bostick*, 25 *Ark.*, 482, that he might do so if he had an interest in the property, and the right to possess and control it, although other parties might have an ultimate interest in an account of the proceeds.

> 3. SAME.
> When partner may have.

As to the verdict, there is certainly evidence enough to support it.

The point was also made below, and is within the scope of the motion for a new trial, that Tillman could have no lien on Pearson's share of the bale without possession or a mortgage. The replevin does not assert any. It is based upon ownership. A partner or tenant in common

> 4. Power and right of partner or tenants in common.

of chattles may, by parol, give up to his co-partner the property, or the exclusive right to control it, but cannot sell for his own purposes to a third party without the partner's consent. The cotton was marked in Tillman's name, and Harkey bought it from Pearson at his own risk. He has not put himself in the attitude of an innocent purchaser for value.

5. Duty of Chancellor on bill for new trial. For the Chancellor's purpose it was sufficient to authorize the decree that he could see no material error that required correction, and that he could see upon the whole case that no injustice would be done by letting the judgment stand upon its own grounds.

We think in withholding the relief he exercised a fair discretion and commendable prudence.

Affirm.