SHORT _v._ PULLEN.

Opinion delivered January 23, 1897.

USURY—AGENT'S BONUS.—Where a husband as agent makes a loan of his wife's money at the highest legal rate of interest, and in addition takes a commission for himself without her knowledge, the loan is not usurious.

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

STATEMENT BY THE COURT.

This is a suit on a promissory note. The defense is usury. The proof shows that appellees applied to one John C. Short, husband of the appellant, for the loan of four hundred and fifty dollars. Short did not have the money at the time, but informed appellees that he could get the money for them. The terms of the loan, as agreed upon between Short and appellees, were that appellees would have to pay 12½ per cent. for the use of the money. It was agreed between Short and appellees that they should give two notes, one for $450 with interest at ten per cent. per annum from date and one for $22.50, the amount of interest above ten per cent. The latter note was to be paid in lumber. This occurred in Arkansas. After this, Short returned to Illinois, where his wife lived, and induced her to let appellants have $450 at ten per cent. interest. Short and appellees appointed one Duncan to consummate the loan. Short sent to Duncan a check for $450 and two notes for appellees to sign. Duncan delivered the check to appellees, upon their signing the notes. One note was for $450 at ten per cent. per annum from date payable to appellant. The other was for $22.50, to be paid in lumber, and was made payable to John

C. Short. The note payable to appellant was sent to her by mail, and the other note was sent to John C. Short. The appellant (Mrs. Short), the proof shows, had no knowledge or information that John C. Short had contracted for a bonus or any greater rate of interest than ten per cent. and, according to her evidence, which is uncontradicted, did not know that appellees had given him any note. The proof shows that it was not "the intention of appellant to charge, take or receive of appellees more than ten per cent." The case was tried by the court, sitting as a jury, who found in favor of appellees, and rendered judgment accordingly.

*J. C. Head* for appellant.

There must be intent to take usury. The usury must be *proved.* 2 Rice, Ev. sec. 549. A commission taken by a husband for himself beyond the legal rate of interest, without the knowledge of the wife, or her consent, does not make the loan usurious. 33 Am. Rep. 140. A bonus taken by an agent without the knowledge or consent of the principal is not usury. 51 Ark. 548; 1 B. M. 534; 54 Ark. 578; 59 *id.* 366. The proof of usury is on defendant. 57 Ark, 256; See 116 U. S. 98.

WOOD, J., (after stating the facts.) The judgment is contrary to the law and evidence. *Gregory* v. *Bewly,* 9 Ark. 22; *Baird* v. *Millwood,* 51 Ark. 548; *Vahlberg* v. *Keaton, id.* 534; *Scruggs* v. *Scottish Mortg. Co.,* 54 *id.* 572; *May* v. *Flint,* 54 *id.* 578; *Blackburn* v. *Hayes,* 59 *id.* 366; *Holt* v. *Kirby,* 57 Ark. 256.

Reversed and remanded for a new trial.