EDDINGS vs BONER.

Opinion delivered January 30, 1897.

*Replevin for Money—Identification.*

Replevin cannot be maintained for money without any indentify-
ing marks, but can be maintained for a belt containing a
pocket book and money, if the belt is sufficiently described.

*Replevin—Arrest of Defendant—Bond.*

Unless the bond required by § 5575, Mansf. Dig. is given by the
plaintiff, an order for the arrest of a defendant in replevin is
invalid.

*Wrongful Arrest—Waiver.*

An order for arrest of defendant in replevin, wrongfully made,
without requiring plaintiff to give bond, is not waived by
defendant answering and giving bail.

*Bail Bond—Judgment Against Sureties—Error.*

The bail bond required by § 5577, Mansf. Dig. is to secure defend-

ant's appearance in court, and it is error, after verdict for plaintiff, to enter judgment against the sureties on the bail bond for the value of the property.

*5. Instruction—Burden of Proof.*

When defendant voluntarily assumes the burden of proof, it is harmless error for the court to instruct the jury that if they found a certain fact, to make an inference therefrom as a matter of law, which was the only inference that the jury could properly make from this fact in connection with the other facts in evidence.

*6. Evidence—Exceptions.*

Where the record does not show any exceptions saved in the court below, objections to evidence will not be considered in the Appellate Court.

*7. Declarations Against Interest—Admissible.*

The declarations of a party to a suit, prejudicial to his interest may be put in evidence, without laying the predicate necessary to impeach a witness who has no interest in the case.

*8. Judgment—Affirmance in Part.*

A personal judgment against an appellant in replevin and the sureties on his bail bond, valid as to him, and invalid as to his sureties, will be affirmed as to him and reversed as to his sureties.

Appeal from the United States Court for the Northern District.

Wm. M. Springer, Judge.

Action in replevin by J. M. Boner against Josiah Eddings. Judgment against defendant and his sureties on bail bond. Defendant appeals. Affirmed in part and reversed in part.

On the 21st day of November, 1894, appellee, J. M. Boner, plaintiff below, traveled over the road between David

and the Verdigris river, a distance of about 26 miles, in the Indian Territory. On the trip he lost a waist belt, of the value of 50 cents, which contained, as he claimed in this suit, a pocketbook of the value of 50 cents, a purse of the value of 50 cents, a Canadian dime, a silver quarter dollar, eight $20 bills (in currency), fifty-five $20 gold coins, ten $10 gold coins, and two $5 gold coins. On the 7th day of May, 1895, he instituted this suit in replevin in the United States Court at Vinita against the appellant, Eddings, to recover said belt and its contents, alleging the loss of the articles at the time named, and their aggregate value to be the sum of $1,371.85, and that thereafter they came into the hands of the defendant, who detained the same, after demand therefor. The appellant was arrested on a capias clause inserted in the order of delivery, the marshal executing the order of arrest without indemnity to the appellant, as required by law. He afterwards gave bail, and was released. At the fall term of the United States Court, on the 2d day of October, 1895, the appellant, Eddings, defendant below, moved to strike from the complaint all averments concerning the property mentioned in said complaint except the waist belt, pocketbook, and purse, for the reason, as alleged, that replevin would not lie for the other articles. This motion was in the nature of a demurrer, and, so far as the record shows, seems to have been confessed by the plaintiff; for, on the 7th of October, 1895, he amended his complaint by interlining the following words: "All of which money, pocketbook, and purse were contained in the said before-described canvas belt at the time the same passed out of the possession of plaintiff, and into the possession of defendant." The belt is described in the complaint as follows: "One waist belt made of ducking, of the value of fifty cents." On the 9th of October the appellant presented his motion to vacate the order of arrest, because no bond had been given by the appellee to indemnify him before the execution of the order of arrest, and for other

unimportant reasons. This motion was by the court overruled, and the plaintiff, by leave of the court, amended his affidavit and order of delivery so that they would conform to the description of the belt in the complaint. And on the same day the cause proceeded to trial by the jury, without any further objection to the pleading, which resulted in a verdict for the plaintiff. A judgment was rendered against the appellant and the sureties on his bail bond for the return of all the articles named in the complaint, and for the value thereof in the alternative. Motion for new trial was overruled, and the case is in this court by appeal, with an elaborate assignment of errors, numbering 14 in all, many of which it will not be necessary to consider in determining material questions involved.

*W. H. Kornegay*, for appellant.

KILGORE, J. (after stating the facts). The Arkansas statute in force here provides that in an action to recover the possession of specific personal property the plaintiff may, at the beginning of the suit, or at any time before judgment, secure the delivery of the property by employing the ancillary remedies authorized by the chapter on replevin of Mansfield's Digest. He may go further, and cause the arrest of the defendant, by filing a separate affidavit to the effect that he believes the property has been concealed, removed, or in some way disposed of to defeat the plaintiff's action. It has been determined that the remedy provided by the chapter on replevin superseded both the old action of replevin and detinue. The first, and essential, requisite in such suits that the complaint, affidavit, and order of delivery must contain a particular description of the property claimed. It was contended by the appellant, the defendant below, both on the trial in the District Court and on the hearing in this court, that the plaintiff could not maintain replevin in this cause for the want of a particular description of the specific per

sonal property in controversy; and he undertook, by motions, etc., to eliminate from this suit all the articles described in the complaint—the money, for instance—except the waist belt, pocketbook, and purse, each valued at 50 cents, on the theory that money could not be recovered in an action in replevin. The appellee, plaintiff below, answered this contention by amending his complaint and setting up that the money described therein was contained in a canvas waist belt. There was no further exception for the want of full description; so this court must conclude that the description of the belt was sufficient, though it is quite meager and uncertain, and would probably have been held by the court below to be defective if exception to it had been specially urged.

The contention of appellant's counsel that money cannot be the subject of an action of replevin is not entirely sound. Replevin may be maintained for the recovery of money the same as for any other personal property. The difficulty in such cases arises on a question of a description and identification of the money. Cobbey, Repl. § 72, says: "Money is not the subject of an action of replevin, unless it is marked or designated in some manner, so as to become specific as regards the power of identification." This is the general rule, and it applies as well to every other character of personal property the recovery of which is sought in an action of replevin. There is much more difficulty, of course, in describing coin or currency specifically or for identification and for segregation from other money and currency of like denomination than in the instance of other personal effects. After describing the money and currency as set out in the foregoing statement, appellee alleges that the money, pocketbook, and purse, were all contained in one waist belt made of ducking, of the value of 50 cents, at the time the same passed out of his possession and into the posses-

(14)

sion of the appellant.    There is no specific description of th
coin and currency in the plaintiff's complaint, affidavit an

**Money. De-**
**scription.**
order of delivery that could possibly lead to the identifica
tion of those articles,   except that they are contained in
waist belt made of ducking, and for  this package he seek
recovery in this suit.    There seems to be no doubt that th
suit can  be  maintained  on the theory of  the plaintiff
amended pleadings and process.   In Hamilton vs Clark, 2
Mo. App. 428, the rule is laid down as follows :   "Money
not the subject of an action of replevin, unless it is marke
or designated in some manner so as to become specific as r
gards the power of identification, such as being in a  bag
package."  In Skidmore vs Taylor, 29 Cal. 619, it is said tha
replevin is the proper remedy to recover a  package of go
coin sealed up in a leather bag.   In  Sharon vs Nunan, (
Cal. 234, it was held that money sealed up in  a  canvas ba
marked with a tag, on which was  written the name of th
owner, and deposited in a vault of  a  safe deposit compan
was the subject of replevin.   In Griffith vs Bogardus, 14 Ca
410, there was a seizure by the sheriff, under a writ again
M., of $1,800 in coin, a portion of a large amount of mone
in a safe, as the property of the defendant, and it was put
a bag.   The plaintiff then claimed the money as his, M. b
ing present and not objecting, and the court held  th
amounted to a segregation of  the $1,800 from the mass
coin in the safe, so that replevin could be maintained for t
identical coin.    The rule seems to be that in  all  such cas
the plaintiff must recover the specific property for which
sues.    At the same time he is  entitled to a personal jud
ment against the defendant for the value thereof on recover
enforceable by execution, in case of failure to secure the d
livery of the property in controversy.

At the October term, 1895, of  said court, and befo
the trial began, the appellant moved to vacate the order
arrest, on the ground that the plaintiff had not execut

ond to indemnify the defendant, as required by section 5575, Mansf. Dig., before the order of arrest was complied with by he marshal.   This motion was struck out by the court, on motion of the appellee, and the court refused to consider the ame, on the ground that the appellant had answered in the ase, and had given bail and been discharged from arrest. ection 5574 of Mansfield's Digest provides for an order for he delivery of property claimed to belong to the plaintiff in eplevin, and for the arrest of the defendant.   Section 5575 irects that the order shall not be complied with by the heriff unless there has been executed in his presence, by he or more sufficient sureties of the plaintiff, a bond to the efendant to the effect that the plaintiff will duly prosecute he action, that he will perform the judgment of the court erein by returning the property if a return shall be ljudged, and by paying such sums of money as may be ljudged against him in the action, not exceeding double the lue of the property, and the costs in the action.  The bond quired by this section of the statute was not given by the aintiff, and no effort was made to comply with the law.  In ilson vs Williams, 52 Ark. 360, 12 S. W. 780, the sheriff was ed for the value of a certain property which he had taken om the plaintiff as defendant in an action of replevin under order of delivery.   He had taken a bond from the plain-f in the replevin action before complying with the order of zure, but without any sureties thereon.   It was held in t case that a bond with sureties, as required by law, was sential to the lawful seizure of the property, and that, in absence of such bond, the sheriff seizing the property ed without legal authority.   The order for the arrest of defendant rests upon the same authority, and if there is difference in the rule requiring the execution of the bond a condition precedent to the arrest of the defendant it ild be considered more exacting than that relating to the ure of his property.

Arrest.  Bail bond.

We cannot assent to the doctrine that the appella
waived any fundamental error in the original proceedin
which led to his arrest by answering in the case and givin
bail to secure his discharge from custody, inasmuch as t
statute, he insisted, had not been complied with in a materi
particular. It presses the doctrine of waiver too far to ho
**Answer. Es-** that, by doing the thing necessary to obtain release from u
**toppel.** lawful detention, appellant estopped himself to aver the u
lawfulness of such detention and to move to annul the i
·sufficient process under which, upon surrender by his ba
he might again be held, if not vacated. The motion to vaca
the .order of arrest should have been sustained, and the d
fendant discharged.

On the finding of the verdict by the jury for the a
pellee, the court below entered up a judgment against t
appellant and. the sureties on his bail bond for the value
the property in controversy, and the cost of such suit. T
is not authorized by the law. When the defendant has be
**Bail bond.** arrested in a replevin suit, he is entitled to his discharge
**Object.** giving bond, with sufficient sureties, conditioned that
shall abide the order of the court in such action. Man
Dig. § 5577. This bond is regarded by the authorities
·intended only to secure the presence of the defendant
court. If he should fail to appear and abide the order a
judgment of the court, and the order of arrest has not be
vacated when judgment has been obtained, execution may
issued against the body of the defendant. Id. § 284.
return of "Not found," upon an execution against the bo
of the defendant, placed in the hands of the marshal wit
20 days after it might have been issued on the judgme
shall be necessary to fix the liability of the sureties, wh
shall be to pay the amount of the judgment and costs.
§ 295. When the liability of the bail is fixed, as provided
the statute, the plaintiff can proceed against them only i
separate action. Id. § 296. In the case of Chandler

yrd, 1 Ark. 152, the Supreme Court of that state held that
e sureties of the defendant on a bond given by him in a
pias in detinue, under the statute, are his bail, and are
sponsible for his personal appearance, and not answerable
all events for the delivery of the property sued for.   The
ovisions of the statute at that time on the subject are
out the same as are now found in the law of replevin in
ansfield's Digest.   In Duncan vs Owens, 47 Ark. 388, 1 S.
. 698, this question was determined by the supreme court
that state.   It discusses sections 284, 295, and 5577, Mansf.
g., and says, in effect, that the sureties on a bond execut-
to the sheriff for the release of a defendant arrested on a
pias in replevin are not liable for the judgment against the
fendant, unless an execution against the body of the de-
dant has been issued and returned "Not found."

The appellant complains that the court erred in charg-
 the jury to the effect that if a proportion of the property
s, soon after its loss by appellee, in the possession of the
pellant, the burden of proof would be upon him to show
t he only received a portion of the property contained in
 belt when it was lost, and that he must make this proof
 a preponderance of the evidence, or he would be charge-
e with all of it.   The appellant denies that he found the
t or money, or ever had possession of any portion of it.
 made the issue that the money traced to him had been in
 possession long prior to the appellee's loss, and was not
refore to the amount of a cent a part of that which was
.   The proof, on the other hand, tended convincingly to
w that the appellant, prior to the loss of the belt and
ney, did not have any money, and that he and his minor
 found the belt containing the appellee's money.   The
y, by their verdict, found that appellant, soon after the
s, was in possession of some of appellee's money.   By
 finding they swept away all the appellant's contention;

and, finding that the appellant had in his possession a por tion of the money lost, the jury, under the peculiar state o the proof in the record, could not have found otherwise that that appellant got all the money. The court may hav erred in its charge, but as the vice consisted in imposing burden upon appellant which he had voluntarily assumed and in telling the jury, if they found a certain fact, to mak an inference therefrom as a matter of law, which was th only inference that the jnry could properly have made fror this fact in connection with other facts in evidence, th error is not reversible.

Instruction. Burden of proof. Harm- less error.

The second error assigned complains of the action o the court in excluding the testimony of one Morgan in rela tion to a conversation with the appellant, in which he mad declarations as to his financial ability prior to the loss of th property in controversy. As the record does not show a exception reserved to the action of the court, it will not b considered. The appellant got leave to file a statement o Morgan's testimony, but made no exception to the ruling o the court excluding it.

Exclusion of testimony. Exception.

The third error assigned is based upon the action o the court in sustaining the objection to testimony as to ce tain statements of appellant pertinent to the issue, on th ground that no proper predicate had been laid for the pu pose of impeachment. The declarations of a party to a su prejudicial to his interest may be put in evidence, withou laying the predicate necessary to impeach a witness who ha no interest in the case.

Testimony. Declaration of party.

We have found that the ancillary proceedings in th case must fail because of fundamental errors therein, an that a judgment against the sureties on appellant's bail bor was unauthorized by law. Now the question is, can we r form and affirm the personal judgment against the appella rendered below for the value of the property, inasmuch

here is no reversible error in the trial on the merits? In an Judgment. Valid in part. action to recover possession of personal property, the plaintiff may avail himself of coercive remedies provided by the statute on replevin, or he may bring an action for the recovery of the property without resorting to such remedies. In such case, if the plaintiff recovered, he would be entitled to a personal judgment against the defendants for the return of the property, or its value, with damages for its detention, and to execution, if necessary. Mansf. Dig. § 5181. In Larkey vs Tillman, 40 Ark. 551, it is held that one wrongfully obtaining property, and refusing to deliver it on demand, may be sued in replevin, though he has parted with the possession at the time of the suit. The court in that case say that this is the common law as to detinue, and it applies in all states where compensation in place of the property can be given in replevin, which thus becomes a substitute for detinue. In Hamilton vs Ford, 47 Ark. 245, it is held that, when the order of delivery in an action of replevin is quashed, the case stands as an ordinary action of detinue, and may be treated as such. If the court below had vacated the order of arrest for the want of a bond to indemnify the defendant, the order of delivery would have gone down with the capias proceedings; but the case would have still been in court for adjudication on its merits. The jury determined the value of the property involved, and returned a verdict for the plaintiff, upon which judgment was entered below. We are of opinion, therefore, that the personal judgment against the appellant, Eddings, should be affirmed, and that Judgment. Affirmed in part. the judgment against the sureties on his bail bond be reversed, and the proceedings dismissed as to them.

LEWIS, J., concurs.