ANDERSON v. BONEMAN.

1. REPLEVIN—POSSESSION OF PROPERTY—CHANGE OF POSSESSION.
   Although the general rule is that replevin is a possessory action, and, in order to recover, the writ must run against the party in possession at the time of its issuance, where property is taken wrongfully and the plaintiff does not know that it has been transferred to a third person by the defendant at the time of the issuance of the writ, recovery of damages may be had against such defendant.

2. SAME.
   A constable who, acting for a deputy sheriff, levies a circuit court execution, which he has no authority to do, will be liable to the owner in replevin for damages, notwithstanding the fact that he has delivered possession of

the property seized to the deputy sheriff, if, at the time of the issuance of the writ, such fact was unknown to the owner.

3. SAME.

The affidavit on which the writ of replevin issued, which was in evidence, would furnish some evidence that plaintiff was ignorant of the fact that the property involved had been turned over to a third person, since the statute requires the affidavit to show by whom the property is detained.

Error to Gratiot; Searl, J. Submitted April 13, 1917. (Docket No. 90.) Decided December 28, 1917.

Replevin by Alzina Anderson against Henry Boneman for the possession of certain horses. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*George P. Stone,* for appellant.

*John T. Mathews,* for appellee.

BIRD, J. Adelbert Giles, a deputy sheriff of Gratiot county, had a circuit court execution issued on a judgment rendered against plaintiff's husband and one Fletcher. Having information that plaintiff and her husband, who resided in Midland county, were to be in Gratiot county the following day, December 18, 1915, and he being obliged to be away on that day gave the execution to Henry Boneman, a constable at Breckenridge, and directed him in the event plaintiff and her husband came into Gratiot county the following day, to levy on the horses, wagon, and harness. Boneman took the execution, and on the following day, while plaintiff and her husband were in Gratiot county, seized the property as directed and followed it with an inventory and appraisal and placed the property in the hands of a liveryman for care and safekeeping. When Giles returned on the evening of the 18th Boneman claims he turned the property over to

him, and so notified the liveryman. Giles corroborates him in this, and claims that he subsequently gave the horses some care and attention, but admits that he made no levy on them. Plaintiff, claiming title to the property, sued out a writ of replevin in which Boneman was made defendant, and the property was replevied. Upon the trial Boneman made the defense that at the time of the issuance and service of the writ he was not in possession of the property, and therefore was entitled to a directed verdict. This defense was overruled, and judgment directed for plaintiff for the amount of her damages, the same having been agreed upon by counsel.

It appears to be conceded that plaintiff established her title to the property, and that the levy made by Boneman was a nullity on account of his lack of official authority to execute a circuit court execution. The questions narrow down to one, namely, whether defendant was entitled to a verdict on the ground that he was not in actual possession of the property when the writ issued. Both counsel recognize the general rule that replevin is a possessory action, and that in order to recover the writ must run against the party in possession of the property at the time of the issuance of the writ, but plaintiff's counsel assert and claim the benefit of an exception to this rule. The exception is that where property is taken wrongfully, as in this case, and the plaintiff *does not know* that the property has been transferred to another at the time of the issuance of the writ, a recovery may be had against a defendant not in actual possession. In considering this question in *McBrian* v. *Morrison,* 55 Mich. 351 (21 N. W. 368), Mr. Justice CAMPBELL observed that:

"Upon the question whether recovery could be had for staves which may not then have been in defendant's hands, resort must be had to the character of

the action itself under our statute. There is no doubt of its being chiefly valuable as a possessory action, although, as already seen, the plaintiff is not bound to make it so in all cases. There is nothing in the language of the statute itself which confines recovery to property actually held by defendant at the date of the writ. If such is the rule, it must come from inference, and belong to the nature of the action.

"By section 1 of the chapter of the Compiled Laws on Replevin, it is declared:

"'Whenever any goods or chattels shall have been unlawfully taken or unlawfully detained, an action of replevin may be brought for the recovery of the damages sustained by such unlawful taking or detention, except in the cases hereinafter excepted.' 2 How. Stat. § 8315.

"This language, taken alone, is very broad, and would cover any possession once obtained by tortious taking or by tortious detention. The question is whether a defendant is exonerated from liability for such wrongful possession by turning it over to some one else. In most cases a cause of action cannot be destroyed by the act of the wrongdoer alone. And if a right to bring replevin can be destroyed by the defendant, without the fault or even the knowledge of the plaintiff, the case would certainly be exceptional. It would not be a difficult matter, by a series of concealed transfers, to cut him off entirely from this action."

See, also, *Coomer* v. *Gale Manfg. Co.*, 40 Mich. 692; *Reid, Murdoch & Co.* v. *Ferris*, 112 Mich. 693 (71 N. W. 484, 67 Am. St. Rep. 437) ; 1 Stevens' Mich. Prac. § 132; *Nichols* v. *Michael*, 23 N. Y. 264 (80 Am. Dec. 259) ; *Andrews* v. *Hoeslich*, 47 Wash. 220 (91 Pac. 772, 18 L. R. A. [N. S.] 1265, 125 Am. St. Rep. 896, 14 Am. & Eng. Ann. Cas. 1118).

In the last-named case the court, in considering a state of facts where a pawnbroker had wrongfully disposed of a diamond ring upon which he had a lien without the knowledge of the owner, it was said:

"Where, as in this case, property has actually been in appellant's possession and has been wrongfully

transferred by him without respondent's knowledge, before the commencement of an action for the recovery of its possession, the rule that replevin will not lie against one not in possession at the time of the commencement of the action will not obtain. The evidence and findings show that the appellant's disposition or sale of the ring was wrongful. In an action for the recovery of the possession of personal property, when it appears for the first time during the progress of the trial that the defendant theretofore in possession had, prior to the commencement of the action, without the knowledge or consent of the plaintiff, wrongfully disposed of the property, it would be a rank injustice for any court to hold that the plaintiff cannot for that reason recover."

For valuable note, see 18 L. R. A. (N. S.) 1269.

This exception to the general rule seems to have been recognized and followed in several cases, and we think with much reason. Where the taking is wrongful, or where the taking is lawful, but is disposed of wrongfully, and the plaintiff has no knowledge of its disposition at the time of the issuance of the writ, we can see good reason for holding that plaintiff should be permitted to recover his damages against the wrongdoer, even though he has not actual possession when the writ was issued. We think the exception should be applied in the present case. The property belonged to plaintiff, and it was taken from her wrongfully. She had no knowledge that defendant had attempted to turn it over to Giles; therefore she did the natural thing in making the one defendant who had deprived her of her property. The possession of Giles was no more lawful than defendant's, neither had actual possession, but we think it would be fair to conclude, if it were necessary, that defendant still had constructive possession. Defendant was the wrongdoer, and we think he is properly held for plaintiff's damages.

The point is made in this connection that there is

no proof that plaintiff was ignorant of the fact that the property had been turned over to Giles at the time the writ issued. The affidavit for the writ which was in evidence would furnish some evidence of that fact, inasmuch as the statute requires the affidavit to show by whom the property is detained.

We think the judgment of the trial court should be affirmed.

KUHN, C. J., and STONE, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred with BIRD, J. OSTRANDER, J., concurred in the result.