## BALES v. BREEDLOVE et al.

No. 12139—Opinion Filed Jan. 15, 1924.

(Syllabus.)

1. **Trial — Demurrer to Evidence — Sufficiency of Additional Evidence.**

Where the district court overruled a demurrer to plaintiff's evidence, and thereafter both parties proceed with the trial and introduce further and additional evidence, and sufficient evidence is introduced to make a case for the plaintiff, a judgment rendered and entered in his favor on a verdict for plaintiff will not be disturbed.

2. **Appeal and Error—Necessity for Exceptions—Instructions.**

Error in giving instructions will not be considered on appeal unless exceptions are taken in the trial court.

3. **Replevin — Party Defendant — One in Possession.**

An action of replevin cannot be maintained against one who is not in the actual or constructive possession of the property at the commencement of the action.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by E. C. Breedlove and another against Emmet Bales. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with instructions.

C. M. Threadgill, for plaintiff in error.

G. T. Ralls and Trice & Davidson, for defendants in error.

COCHRAN, J. This action was brought by the defendants in error against plaintiff in error for the recovery of 70 head of cattle and for damages in the sum of $500 for the unlawful detention of said property.

Upon a trial of the case, a verdict was returned for the plaintiff for the possession of the cattle taken under the writ of replevin and for $1,578.38, being the value of the remainder of the 70 head of cattle which were not taken under the writ, but which had been previously sold. Judgment was rendered on this verdict and plaintiff in error has appealed. The parties will hereinafter be referred to as plaintiffs and defendant, as they appeared in the trial court.

The defendant first alleges that the court erred in overruling his demurrer to plaintiffs' evidence. It is unnecessary to consider this assignment, as testimony was offered by the defendant, and the verdict of the jury and the judgment rendered thereon were based upon the entire evidence, and, if there was sufficient evidence introduced to make out a case for the plaintiff, considering the entire evidence, the case will not be reversed because of error in overruling a demurrer to plaintiffs' evidence. Meyer v. White, 27 Okla. 400, 112 Pac. 1005.

The defendant next complains of the giving of instruction No. 2. No exceptions were taken to the giving of this instruction, and same will therefore not now be considered on appeal. It is next contended that the court erred in giving instruction No. 3 requested by the plaintiffs. This instruction advised the jury that if the jury should find in favor of the plaintiffs and against the defendant, the verdict should be for the possession of the property taken under the writ and for the value of the property not seized under the writ of replevin but covered by plaintiffs' mortgage. The undisputed testimony in this case disclosed that at the time the replevin suit was filed only 29 head of the cattle claimed by the plaintiffs were in the possession of the defendant, the remainder of the cattle covered by the mortgage having been sold by the defendant and shipped to market. There is no evidence tending to show that the property was sold or disposed of by the defendant with the intent of avoiding the writ. In these circumstances, the plaintiffs were entitled to recovery from the defendant only the 29 head of cattle which were in the possession of the defendant at the time suit was commenced, and damages for the detention of the same, but were not entitled to recover in this action the value of the cattle which had previously been disposed of. Robb v. Dobrinski, 14 Okla. 563, 78 Pac. 101; Carpenter v. Mead, 60 Okla. 127, 153 Pac. 658. This instruction was also erroneous because the same was not within the issues made by the pleadings, as the prayer of the plaintiffs' petition was for the possession of the cattle and $500 damages for the

wrongful detention thereof.

It is next insisted that the verdict of the jury and judgment rendered thereon are not sustained by sufficient evidence. It is our opinion that the judgment for the possession of the cattle taken under the writ of replevin is correct, but that portion of the verdict awarding a money judgment representing the value of the cattle which were not taken under the writ is neither supported by the pleadings nor the evidence.

It is our opinion that the judgment should be reversed, with directions to the trial court to vacate that portion of the judgment awarding to the plaintiffs the sum of $1,578.38 for the value of the cattle not taken under the writ of replevin, and to render judgment on the verdict of the jury for the cattle taken under the writ of replevin, and it is so ordered.

JOHNSON, C. J., and KENNAMER, HARRISON, and MASON, JJ., concur.