## BECK et al. v. DAY.

No. 24347. Oct. 6, 1936.

Rehearing Denied Dec. 8, 1936.

Hunter L. Johnson and Floyd E. Staley, for plaintiffs in error.

Bailey E. Bell, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the court of common pleas of Tulsa county. The action was originally instituted in the district court of Tulsa county on April 24, 1929, by Vernon H. Day, as plaintiff, against C. W. Beck and Memorial Park, a Trust Estate, as defendants. The action was subsequently transferred to the court of common pleas and tried therein.

Plaintiff alleged in his petition that he was the owner of and entitled to the immediate possession of a stock certificate representing 20 shares of capital stock of the Memorial Park, a Trust Estate; that said certificate was of the value of $2,000; that the defendants wrongfully detained possession of the said certificate and prayed the return of said property or its value as aforesaid. Affidavit and order in replevin were duly made and issued. Service of the writ and accompanying summons were subsequently quashed. Alias summons was issued and served on the defendant C. W. Beck personally on June 4, 1929, but service was not completed on the defendant Memorial Park, a Trust Estate, until May 1, 1931. Answer of C. W. Beck was a general denial. Memorial Park, a Trust Estate, answered both by general denial and a plea of the statute of limitation in bar. Trial was had to a jury and resulted in a verdict in favor of plaintiff and against the defendants jointly and severally for the return of the property, or in the event its return could not be had, for its value in the sum of $2,000. From the judgment on the verdict and order overruling a joint motion for new trial, the defendants appeal. The parties will be referred to as they appeared in the trial court. Defendants filed a joint petition in error in this court wherein they assign 18 specifications of error, which are presented under five propositions. These may be summarized as: (1) Error in the rendition of judgment against defendant Memorial Park, a Trust Estate, because the bar of the statute was complete prior to service upon said defendant; (2) replevin was not proper since the property sought was not in possession of the defendants at the institution of the action; (3) error in refusing requested instruction and in giving certain other instructions; (4) that the verdict and judgment is entirely unsup-

ported by any evidence; (5) that a mistrial should have been declared by reason of misconduct of plaintiff's attorney.

The record is comparatively brief. The evidence is in direct conflict as to the nature of plaintiff's claim or title to the stock certificate involved and the circumstances and purpose for which it was delivered to the defendants. The evidence is in substantial agreement with respect to the fact that the certificate was issued and delivered to the plaintiff about May 11, 1927, and redelivered to the defendant C. W. Beck about July 1, 1927, and also that the value of the certificate, or rather the stock represented thereby, was the sum of $2,000. Evidence of when demand for return of the stock certificate was made was conflicting. Evidence of the defendants in this respect was that demand was made only a few days before the suit was instituted. Evidence of the defendants was to the effect that the stock represented by the certificate had been issued to other parties in July, 1927, and the stock certificate previously issued in plaintiff's name had been canceled and destroyed. The evidence, however, fails to disclose whether such cancellation and destruction of the stock certificate occurred prior to or subsequent to the institution of the suit.

Under their first proposition the defendants urge that since this was an action in replevin, the bar of statute of limitations fell two years after the cause of action accrued, and that since the action was instituted on April 24, 1929, and service was not completed upon the defendant Memorial Park, a Trust Estate, until May 1, 1931; that as to said defendant the bar was complete. If the defendants occupied a different position here, there might be some merit in this contention. However, since the judgment was joint and several and the defendants filed a joint motion for new trial and have filed in this court a joint petition in error and the assignments therein are joint, we are precluded from considering this contention. The assignment is not good as to the defendant C. W. Beck, and, therefore, as we have pointed out in Haley v. Wyte, 169 Okla. 406, 38 P. (2d) 910:

"A joint assignment of error must affect all jointly and not severally as to all who join in it, or it will be good as to none."

See, also, Niles v. Citizens' National Bank of El Reno, 110 Okla. 146, 236 P. 414; Pharoah v. Beugler, 172 Okla. 633, 45 P. (2d) 1098; Universal Life Ins. Co. v. Berry, 173 Okla. 92, 57 P. (2d) 879.

It is next contended that replevin was not proper for the reason that the uncontradicted evidence discloses that the defendants were not in possession of the property sought to be replevied. In support of this contention we are cited Robb v. Dobrinski, 14 Okla. 563, 78 P. 101; Bales v. Breedlove, 96 Okla. 280, 222 P. 542. We are thoroughly familiar with the rule announced in the above cases, as well as in Carpenter v. Mead, 60 Okla. 127, 153 P. 658, and have no disposition to depart from our holdings therein. The record here, however, presents a different state of facts from those involved in either of the above cases. Here the plaintiff by his petition sought the return of specific property or an alternative judgment for its value. The uncontradicted evidence discloses that the property was delivered to the defendant about July, 1927, and was never returned to the plaintiff. There was no evidence to show that the defendants had ever parted with the possession of the certificate. Neither was there any evidence to show that the plaintiff had ever indorsed the certificate so as to authorize the transfer on the books of the defendant Memorial Park of stock represented thereby, and neither was there any evidence of when the stock was canceled and destroyed. As said in Wails v. Farrington, 27 Okla. 754, 116 P. 428:

"Possession being a fact continuous in its nature, when its existence is once shown, it will be presumed to continue until the contrary is proved."

So here the fact that defendants had been placed in possession of the certificate was clearly established, and that they had not parted with such possession likewise is clearly established. Whether they destroyed and canceled the certificate after or before the institution of the suit is not made to appear. The mere issuance of certificates to other parties by the defendant Memorial Park of stock equal in amount to that represented by plaintiff's certificate would not amount to a transfer of possession or alter the rights of the holder of such certificate. We will not entertain the suggestion that effective cancellation of the stock certificate could be made without the knowledge or consent of the true owner. If the evidence of the plaintiff is to be believed, the defendants acted not only without authority, but with an express disregard of his rights. The evidence of defendants wholly fails to establish any change of ownership or possession which would preclude the plaintiff from maintaining an action in replevin. It is a fundamental maxim that one cannot

take advantage of his own wrong. The contention of defendants that replevin could not be maintained finds no support in the facts.

The defendants requested and the court refused the following instruction:

"You are instructed that if you find from the preponderance of the evidence as defined in other instructions herein, that plaintiff is entitled to recover the property involved herein and such property is not returned to him, his measure of damage would be the price at which he might have bought an equivalent thing in the market nearest the place where the property ought to have been put in his possession, and at such time after the breach of duty upon which his right is founded as would suffice with reasonable diligence for him to make such purchase."

The proffered instruction was evidently predicated upon language used by this court in Myers v. Hubbard, 80 Okla. 97, 194 P. 433; Cook v. First National Bank of Duncan, 110 Okla. 111, 236 P. 883, and Farmers State Bank v. Hess, 138 Okla. 190, 280 P. 305. Said requested instruction, however, did not fully, fairly, and completely advise the jury as to the rule of law applicable to the facts before them. As said in Farmers State Bank v. Hess, supra:

"Where there is nothing in the record to indicate a formal election, and the court instructs the jury as to the value of the property at the date of the attachment and gives no instruction as to the price at which an equivalent thing might have been bought, with reasonable diligence, in the market nearest to the place where the property was attached, and the instruction is accepted by the claimant without objection, it constitutes an election as to the measure of value to be claimed."

In the case at bar, by the pleadings and evidence, it appears that the parties treated the proceeding as an election by the plaintiff to claim the value of the property at the time of the taking, and we will so treat it, especially since the defendants reserved no exceptions to the instructions given by the court. Under these circumstances this court will not review such instructions further than to determine whether there was fundamental error therein. We have examined the instructions for this purpose and find that they are free from fundamental error, and fairly and reasonably instruct the jury as to the applicable law, and we do not consider that the jury could have been misled thereby. For these reasons we hold that there was no error in refusing the requested instruction.

The next contention of defendants must be overruled on account of fallacy in the major premise upon which it is based; the defendants' argument being that since the stock represented by the certificate had been reissued to other persons, therefore, the certificate had at most only a nominal value, and since the value of the paper which constituted the stock certificate was not established, therefore the verdict and judgment are without evidence to support them. The fallacy of this argument is so apparent that it should not be necessary to point it out, as manifestly it is not the paper, but the property represented thereby which constitutes the value to be placed thereon. Let us suppose that instead of a stock certificate a certificate of deposit for $2,000 had been issued to the plaintiff, and he had loaned the same to the defendants; that the defendants, without any assignment of such certificate and without authority so to do, canceled such certificate and caused the bank to issue two certificates of deposit to other parties for $1,000 each; could it be said that thereby plaintiff's certificate would be reduced to the mere value of waste paper? To ask the question is to answer it. Until such certificate has been either paid or transferred in an authorized manner, its value and potency will remain unimpaired, regardless of any attempted dealings therewith in derogation of the true owner's rights by the parties who happen to have possession of such certificate. The defendants cite no authorities to support their contention in this respect, and the argument is more ingenious than convincing; therefore, we find ourselves compelled to overrule such contention.

Finally, it is contended that a mistrial should have been declared on account of misconduct of plaintiff's attorney in the cross-examination of defendant Beck, wherein he sought to discredit the witness by questions touching an alleged conviction inferentially had in the federal courts of Missouri. While the method of cross-examination pursued by counsel is not to be commended and the questions should have been couched in better language, it is apparent that in the witness the attorney met a foeman worthy of his steel, and that said attorney came off second best in the encounter. This doubtless nettled counsel and caused him to forget himself in some of the questions asked and the demeanor displayed. Since, however, it appears that conduct of counsel reacted more favorably to the defendants than otherwise, therefore, we feel

313

that the trial court was correct in holding that no prejudice had been shown.

As said in Selaster v. Simmons (Ariz.) 7 P. (2d) 258:

"The next assignment is based upon the failure of the court to grant defendants' motion for a new trial on the ground of the misconduct of plaintiff's counsel. * * * However, all these things took place in the presence of the trial court, and upon a motion for new trial were urged upon that court. The motion was denied, and in such denial they were necessarily held not to have prejudiced defendants' rights. The supervision of trials is committed to the trial court, and in matters involving the conduct of counsel, as well as other trial matters, unless it clearly appears that some prejudice has resulted, we think we should defer to the decision and judgment of the trial court. That court had the whole picture before it and was better qualified to pass on the question, and having done so, by denial of the motion for new trial, we accept its decision and judgment."

The vital questions of ownership and right to the possession of the stock certificate were resolved by the jury in favor of the plaintiff. The evidence is ample to sustain the verdict, and from a review of the entire record it appears that the cause was fairly tried and the jury was fairly and properly instructed on the issues presented; therefore, this court will not disturb such verdict and judgment.

Judgment affirmed.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.