RULOFF E. CUTTEN et al., Copartners Doing Business as E. F. HUTTON & COMPANY, Plaintiffs, v. JOSEPHINE KOSTYRKA et al., Defendants.

Supreme Court, Special Term, New York County, November 5, 1952.

*Tompkins, Boal & Tompkins* for plaintiffs.

*Stephen J. Jarema* for defendants.

GAVAGAN, J. This is a motion for summary judgment and for certain additional relief.

The action is brought by stockbrokers to replevy a stock certificate delivered in error to one of the defendants, who transferred it immediately to her son, the other defendant. The mother alone appears. Her answer, in addition to a general denial and the admission that she received the stock certificate in issue, sets forth as separate defenses that without knowledge of the facts she transferred the stock to her son; that he had purchased it in her name and he was entitled to said stock certificate immediately upon delivery to her. It is not denied that the plaintiffs, by reason of a clerk's error, had delivered the wrong certificate. The mother contends, however, that she " acted solely as a dummy in the transaction ".

In a similar case, though the action there sounded in conversion, it was held: " An agent or servant who converts the property of a third person is liable for such conversion, and it is no defense if his acts were committed in pursuance to his

employment or for the benefit of his principal or master, though the servant or agent acted under a *bona fide* belief that his master or principal was the owner of the property and in ignorance of the true owner's rights, since one who interferes with personal property must at his peril see that he is protected by authority of the true owner " (*Passaic Falls Throwing Co.* v. *Villeneuve-Pohl Corp.,* 169 App. Div. 727, 729).

It is fundamental that replevin is analogous to an action of trespass or trover and that where trespass or trover can be maintained for the unlawful conversion of goods, replevin will also lie (77 C. J. S., Replevin, § 6, p. 16). And when one is in possession of property without right, the action of replevin cannot be avoided by wrongfully disposing of the property before suit is brought (*Sinnett* v. *Fieock,* 165 N. Y. 444; *Nichols* v. *Michael,* 23 N. Y. 264).

The motion for summary judgment is accordingly granted against the defendant who appears herein and the action against the other defendant is severed.