B. P. ROZEN, Plaintiff in Error,

v.

REDCO CORPORATION, Defendant in Error.

No. 38768.

Supreme Court of Oklahoma.

Feb. 28, 1961.

Rehearing Denied June 20, 1961.

Application for Petition to File Second Petition for Rehearing Denied July 5, 1961.

W. B. Edwards, Seminole, Goode & Henson, Shawnee, for plaintiff in error.

Charles Sims, Seminole, for defendant in error.

JOHNSON, Justice.

Action in replevin was brought by the Redco Corporation against B. P. Rozen to recover certain "reconditioned" usable oil field pipe and equipment, or the value thereof. The pipe and equipment were allegedly wrongfully taken and detained from the plaintiff by the defendant. The defendant answered by general denial.

Trial by jury resulted in a verdict in favor of the plaintiff for the recovery of the usable pipe and equipment or the value of same in the sum of $2,592.45. This verdict was approved by the trial judge and judgment rendered accordingly, resulting in this appeal.

Defendant Rozen interposes several contentions of error, but the principal and

material contention is that under 12 O.S. 1951 § 1571, et seq., a replevin action cannot be maintained against him because he was not in the actual or constructive possession of the property in question at the time the replevin action was commenced. Citing General Finance Corporation v. Jackson, Okl., 296 P.2d 141, and other cases of similar import. On the other hand, plaintiff Redco contends that an action of replevin will lie against a party who, as did the defendant, wrongfully obtained possession of its property and wrongfully disposed of or concealed the property prior to the commencement of the replevin action; and, that such action against such party in wrongful possession cannot be avoided by the wrongful destruction or disposal of the property before the commencement of the suit. Citing Bales v. Breedlove, 96 Okl. 280, 222 P. 542; Beck et al. v. Day, 178 Okl. 310, 62 P.2d 1014; Anderson v. Boneman, 199 Mich. 532, 165 N.W. 830; Andrews v. Hoeslich, 47 Wash. 220, 91 P. 772, 18 L.R.A.,N.S., 1265; Cutten et al. v. Kostyrka et al., 203 Misc. 940, 118 N.Y.S. 2d 194; and Rathbun v. Hill, 129 Cal.App. 601, 19 P.2d 64.

The distinction between the case of Bales v. Breedlove, supra, and the other cases cited by the defendant is that in those cases the possession of the defendant was not wrongfully obtained. This element, in our opinion, creates a situation which is an exception to the rule announced in those cases and is fully sustained by the authorities cited herein.

Defendant admitted taking junk oil field pipe and equipment from plaintiff's place of business under an agreement with the plaintiff and processing it as scrap iron and selling it, but denied (and so testified) that he ever took any usable pipe or equipment. However, the plaintiff's evidence showed that the defendant took both junk and usable oil field pipe and equipment, and that plaintiff sought to recover only the usable pipe and equipment wrongfully taken in its replevin action.

■ Thus, under the defendant's defense and under the elementary rules of evidence,

the question of whether or not the defendant wrongfully took plaintiff's usable pipe and equipment and disposed of it was a question of fact for the jury, and the jury having determined that question in favor of the plaintiff, such settled fact now inheres in the judgment, and unless we are able to say that such determination or finding is not reasonably sustained by the evidence or is contrary to law, the verdict and judgment must be sustained; and this applies to the jury's findings of the value of plaintiff's property unaccounted for by the defendant. From our examination of the record we are of the opinion that the verdict and judgment based thereon is reasonably sustained by the evidence and inferences to be drawn therefrom. Therefore, we now consider the question of law (raised by the defendant) of whether, under the facts and 12 O.S.1951 § 1571 et seq., supra, the plaintiff could maintain his action in replevin.

■ If the defendant came into possession of usable pipe and equipment, and the jury found that such was the case, then defendant's possession of the usable property was in its inception wrongful and remained wrongful. Accordingly, the fact that defendant was not in (fact in) possession of the usable property sought to be replevined at the time this action was filed is not fatal and does not bar plaintiff's action as a matter of law, but such case comes within the exception to the general rule relied on by the defendant. Such exception is found in 12 O.S.1951 § 1580; Sec. 35, 46 Am.Jur., Replevin, page 23; Cobbey on Replevin, Second Edition, Section 66, and applied in Eddings v. Boner, 1 Ind.T. 173, 38 S.W. 1110 and Beck et al. v. Day, supra, and other authorities too numerous to mention, but some of which are cited in the above authorities.

The rule as stated in 46 Am.Jur., Replevin, Sec. 35, supra, is as follows:

"In a number of jurisdictions, however, the rule has been established that an action of replevin is not defeated by the fact that the defendant has parted with the possession of the property

sought to be recovered, where such transfer was made in bad faith, with the intention of resisting or defeating its recovery. In defense of the rule it has been pointed out that permitting the defendant to set up as a defense to the action the fact that he has parted with the possession of the property, when this was done wrongfully, would be allowing him to take advantage of his own wrong. It would enable one who had wrongfully taken or detained property from the owner to refuse to deliver, and hold to the last moment before the writ, and then evade a suit by a transfer of possession. His successor might do the same; and his after him; and so on, until the cost of successive writs would exceed the value of the property."

And in Section 66, (Cobbey on Replevin, supra) the rule has been stated thusly:

"* * * A person in possession of goods without right cannot avoid an action of replevin by transferring the possession to another, even though the transfer be made before the commencement of the suit. But of course the only result of the suit under such circumstances would be a money judgment. Replevin will lie although the defendant has parted with the possession of the property, and it has passed beyond the reach of the process of the court."

And in the Eddings v. Boner case, supra, construing Section 5181 of the Mansfield Digest, as the Laws of the Indian Territory (which statute is identical with Section 1580, 12 O.S.1951) that court said [1 Ind. T. 173, 38 S.W. 1113]:

"In an action to recover possession of personal property, the plaintiff may avail himself of coercive remedies provided by the statute on replevin, or he may bring an action for the recovery of the property without resorting to such remedies. In such case, if the plaintiff recovered, he would be entitled to a personal judgment against the defendants for the return of the property, or its value, with damages for its detention, and to execution, if necessary. Mansf. Dig. § 5181. In Harkey v. Tillman, 40 Ark. 551, *it is held that one wrongfully obtaining property, and refusing to deliver it on demand, may be sued in replevin, though he has parted with the possession at the time of the suit. The court in that case say that this is the common law as to detinue, and it applies in all states where compensation in place of the property can be given in replevin, which thus becomes a substitute for detinue."* (Emphasis supplied.)

This court in Beck et al. v. Day, supra, distinguished the cases relied upon by this defendant and in applying the above quoted rule held against the contention that replevin was not proper even though the uncontradicted evidence disclosed that the defendants were not in possession of the property sought to be replevied, at the time the action was brought, and said therein [178 Okl. 310, 62 P.2d 1016] that "(I)t is a fundamental maxim that one cannot take advantage of his own wrong" and held in effect that a replevin action could be maintained against a person in wrongful possession of property who had disposed of the same prior to commencement of the action.

Under the facts narrated and the authorities hereinabove cited, the judgment of the trial court is affirmed.

WILLIAMS, C. J., and WELCH, DAVISON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, V. C. J., and HALLEY and JACKSON, JJ., dissent.

HALLEY, Justice (dissenting).

I am forced to dissent in this case because the majority opinion upsets the holdings of this Court in replevin actions.

In the case at bar the evidence is uncontradicted that the defendant, if he ever had possession of the pipe in question, dis-

posed of it at least seven months before the commencement of this action.

Under 12 O.S.1951 § 1571 et seq., replevin is an action to recover the possession of personal property wrongfully detained by another. The rule has long been extant in this State that replevin cannot be had against one who was not in the actual or constructive possession of the property in question at the time the action was commenced, unless the property was concealed or disposed of with the intention of avoiding the writ. Robb v. Dobrinski, 14 Okl. 563, 78 P. 101; Commercial Credit Co. v. Harjo, 178 Okl. 397, 63 P.2d 686; Bales v. Breedlove, 96 Okl. 280, 222 P. 542; General Finance Corp. v. Jackson, Okl., 296 P.2d 141.

In Bales v. Breedlove, supra, plaintiffs sought to replevy 70 head of cattle from defendant. The undisputed evidence was that at the time the replevin suit was filed only 29 head of cattle were in the possession of defendant, the remainder having been sold by defendant and shipped to market. Judgment was rendered on verdict for plaintiffs for the possession of the 29 head of cattle taken under the writ, and for $1,578.38, as the value of the remainder of the cattle which had been previously sold by defendant. In our opinion in that case we said:

"There is no evidence tending to show that the property was sold or disposed of by the defendant with the intent of avoiding the writ. In these circumstances, the plaintiffs were entitled to recover from the defendant only the 29 head of cattle which were in the possession of the defendant at the time suit was commenced, and damages for the detention of the same, but were not entitled to recover in this action the value of the cattle which had previously been disposed of. * * *

"It is our opinion that the judgment should be reversed with directions to vacate that portion of the judgment awarding to the plaintiffs the sum of $1,578.38 for the value of the cattle not taken under the writ of replevin and to render judgment on the verdict of the jury for the cattle taken under the writ of replevin; and it [is] so ordered." [96 Okl. 280, 222 P. 543.]

In Commercial Credit Co. v. Harjo, supra, plaintiff Harjo sought to replevy a certain automobile. The evidence indicated that on January 14, 1935, the automobile was in the possession of a motor company, as agent of defendant Commercial Credit Corp. Plaintiff commenced the action on January 19, 1935. The usual affidavit of replevin and bond were filed, and summons and order of replevin issued and served, but the car was not found or taken possession of. A representative of the motor company stated that the automobile had been sold and taken to Dallas on January 18th. Judgment was rendered for plaintiff for the value of the equity in the automobile. There we said:

"The only question to be determined in this case was whether the defendants were in possession of the car and whether they were wrongfully detaining the same, and whether plaintiff was entitled to possession of the car. The burden of proof is on the plaintiff to establish those facts by preponderance of the evidence. If plaintiff fails to establish each of those propositions, then his case fails and the defendants are entitled to a judgment." [178 Okl. 397, 63 P.2d 688.]

We also said further:

"The court is of the opinion that the plaintiff failed in his testimony to show that the defendants, or either of them, were in either actual or constructive possession of the car at the time this suit was filed, but that the entire evidence is to the contrary. The findings of the court are not sustained by any competent evidence showing the defendants were in possession of the car at the time this suit was filed.

"It is our opinion that the judgment of the lower court should be reversed

with directions to enter judgment for plaintiff in error."

In General Finance Corp. v. Jackson, Okl., 296 P.2d 141, we affirmed the action of the trial court in sustaining demurrer to the evidence and entering judgment for defendant Jinks, where the undisputed evidence showed that he was not in possession of the property sought to be replevied at the time the action was commenced.

In Cobbery on Replevin, Second Edition, Section 61, the author says:

"To enable plaintiff to maintain an action for the recovery of specific personal property the defendant must be in possession thereof at the commencement of the action. Where the petition alleges that the defendant is in possession, and the proof shows the contrary, there is such a variance between the allegations and the proof as will defeat plaintiff's recovery. A judgment for plaintiff cannot be rendered where it does not appear that defendant was in possession of the goods or claimed title thereto. * * *"

And in Section 64, supra:

"Replevin will not lie against one who is not detaining the property when the writ is sued out. It is the condition of things when the suit is commenced which furnishes the ground for the action. Replevin is founded upon an unlawful detention, whether an unlawful taking has occurred or not. It is strictly a possessory action, and it lies only in behalf of one entitled to possession against one having, at the time the suit is begun, actual or constructive possession and control of the property. Replevin does not lie against one who is not unlawfully detaining the property at the time the affidavit for the writ is sworn to and the writ delivered to the officer. So held where the writ was sworn out and held until defendant could be caught in temporary possession. Replevin will not lie against one who, at the time the action was instituted, was neither in the actual nor constructive possession or control of the property, unless he has concealed, removed or disposed of the same for the purpose of avoiding the writ."

I do not think we should adopt the rule set up in the majority opinion but if we do we should overrule our decisions in conflict therewith. Plaintiff's relief here was one in damages and not replevin.

I dissent.