SOLOMON KITTRIDGE v. BARNEY MILLER.

*Jurisdiction by value—Replevin for fox-skin.*

Replevin for a fox-skin worth a dollar and a half will not lie in the circuit court.

Error to St. Clair. Submitted Jan. 20. Decided Jan. 28.

REPLEVIN. Plaintiff brings error. Affirmed.

*W. F. Atkinson* for plaintiff in error.

*Whipple & Voorheis* for defendant in error.

CAMPBELL, J. Kittridge sued Miller in replevin for the skin of a fox, which he claimed because the animal was first started and wounded by him, and chased to earth by his dog, and finally caught by the dog and killed by his help. As there is no evidence whatever tending to show that Miller had or claimed any interest in, or control over, the skin, there was no ground for an action of replevin, and we shall not discuss the respective interests of the several men and dogs that killed the fox.

This case, which involved only one dollar and a half, was brought in the circuit court, and not before a justice. While the former may have jurisdiction it certainly ought not to have it, and probably was not intended to have it. Such a case should not have been brought there, and is evidently a matter of bad feeling and not of serious grievance. Neither the public nor the parties should have been put to the expense of such a litigation.

The judgment must be affirmed with costs.

MARSTON, C. J. and GRAVES, J. concurred.

MARSTON, C. J. While I concur in the result arrived at by Mr. Justice Campbell in this case, yet I am also of opinion that the circuit court had no jurisdiction of the case because of the amount involved therein.

The whole theory and policy of our legislation has been against the commencement of such petty cases in the circuit

court. There are sections in the general replevin act, chapter 213, 2 Comp Laws, p. 1883, which seem to contemplate that suits may be commenced in the circuit where the value of the property is under one hundred dollars. See § 6735. This does not however in my opinion contemplate that actions clearly within the jurisdiction of a justice, may be commenced in the circuit. The true object and meaning thereof is, that where the plaintiff, his agent or attorney, in good faith commences his action in the circuit, believing the property to be of the value of one hundred dollars or upwards, the fact that the appraisers, court or jury may find it to be of less value, would not deprive the court of its jurisdiction. In this case the amount involved was but a dollar and a half, and no one could have supposed the property was of much greater value, and I cannot believe it was the design to commence such an action in a court where the costs would so far outweigh the value of the property, and I cannot permit such a case to pass unnoticed.