GEORGE N. DAVIS *et al.* v. M. V. VAN DE MARK *et al.*

REPLEVIN—*Will Not Lie, When.* Replevin will not lie against a person who is neither in the actual nor constructive possession of the property sought to be recovered, at the commencement of the action.

*Error from Republic District Court.*

THE opinion states the case.

*W. T. Dillon,* for plaintiffs in error.

*Theo. Lang,* and *C. W. Van De Mark,* for defendants in error.

Opinion by STRANG, C.: Action for replevin for a horse, tried in the district court of Republic county, October 12, 1888, by the court without a jury. The court made special findings of fact, and of law, and entered judgment thereon in favor of the defendants in error. Among other findings of fact, the court found that the action was begun by the plaintiffs below after the defendants below had sold and finally parted with the horse. Plaintiffs in error asked for judgment on the findings, which was refused. They then filed a motion for a new trial, which was overruled. The action was tried all the way through as an action of replevin, with an affidavit and bond and order of delivery. The answer was a general denial. The judgment was for the return of the property and damages, both on account of depreciation in value while in the possession of the defendants below and for its detention; or if delivery of the property could not be had, for its value, and damages for its detention. With a finding that the action was commenced after the property was sold and finally parted with by the defendants below, the judgment should have been for the defendants. (*Ladd v. Brewer,* 17 Kas. 204; *Moses v. Morris,* 20 id. 213; *Brown v. Holmes,* 13 id. 482.) It is therefore recommended that the judgment of the district court be reversed, with instructions to render judgment for the plaintiffs in error for costs.

By the Court: It is so ordered.

All the Justices concurring.