MARTIN DEPRIEST, SHERIFF, v. CHAS. B. McKINSTRY.

FILED NOVEMBER 8, 1893.    No. 4096.

Replevin: DEFENDANT NOT IN POSSESSION OF PROPERTY. An action of replevin will not lie against one who, at the time the action was instituted, was neither in the actual nor constructive possession or control of the property, unless he has concealed, removed, or disposed of the same for the purpose of avoiding the writ.

ERROR from the district court of Keith county. Tried below before HAMER, J.

*J. J. Halligan* and *Short & Brotherton,* for plaintiff in error.

*F. Q. Feltz, contra.*

Depriest v. McKinstry.

NORVAL, J.

The action below was replevin. It was brought by Charles B. McKinstry to recover the possession of a pony. There was a trial to a jury, with verdict for the plaintiff. The defendant's motion for a new trial was overruled, and judgment was entered against him for $7, that being the amount of damages assessed by the verdict for the illegal detention of the property, and for costs of suit taxed at $65.68.

The petition in error contains five assignments of error, but one of which is relied upon in the brief of counsel, and that is, the verdict is not sustained by the evidence. The pony in dispute was owned originally by one H. R. Jackett, who sold it to one Frank R. Peale, who in turn sold the same to McKinstry. The evidence is clear that Peale was indebted to McKinstry, a minor, in the sum of $65 for work and labor; and being unable to pay the claim, McKinstry induced him to purchase the pony of Jackett for him, agreeing to take the same in full payment of his demand against Peale. Jackett at the time knew that Peale was buying the pony for McKinstry. Peale gave Jackett a mortgage on the pony, on November 18, 1888, for $65 to secure the purchase price. There is some dispute in the testimony as to the time the sale was made by Jackett to Peale, and by the latter to plaintiff below. The testimony of McKinstry and his witnesses goes to show that both sales were made, and possession of the pony delivered to McKinstry, prior to November 14, 1888. Jackett and Peale, also one or two other witnesses, testified that the sale was made to Peale on November 18, the day the chattel mortgage was given.

On the trial Peale was pretty successfully impeached by numerous witnesses who testified that his general reputation, in the community in which he lived, for truth and veracity was bad. A fair preponderance of the testimony

establishes that McKinstry had been the owner of the pony at least four days before the chattel mortage was given to Jackett. It is certain that at the time the mortgage was executed the pony was in plaintiff's possession, and so remained, without even a suggestion by Jackett that he held a mortgage thereon, until just before this action was commenced in the spring of 1889, when the pony was taken from McKinstry under the mortgage, and thereupon replevin was brought to regain possession. The evidence satisfies us that plaintiff below is entitled to the possession of the property as against Jackett, inasmuch as Peale had no title or interest in the pony when the mortgage was executed.

Counsel for plaintiff in error in the brief say that the case in this court turns largely upon whether the defendant below had possession of the property at the time this action was instituted. This is doubtless true. Upon this branch of the case we agree with counsel that the evidence fails to sustain the verdict. There is not a scintilla of evidence in the bill of exceptions to show that the property at any time was in the possession of Depriest. On the contrary, the undisputed testimony is to the effect that he never had possession of the pony. The mortgage was placed in J. R. Kiser's hands to foreclose, who took the pony from McKinstry and put the same in Jackett's pasture, where it remained until taken under the replevin writ.

It is evident that the suit was brought against the wrong party. Replevin will not lie against one who, at the commencement of the action, was neither in the actual nor constructive possession or control of the property, unless he has concealed, removed, or disposed of the same for the purpose of avoiding the writ. (Cobbey, Replevin, secs. 61, 63, 64; *Kittridge v. Miller*, 45 Mich., 478 ; *Burt v. Burt*, 41 Mich., 83 ; *Bacon v. Davis*, 30 Mich., 157 ; *Hinchman v. Doak*, 12 N. W. Rep. [Mich.], 39 ; *Johnson v. Garlick*, 25 Wis.,

705; *Grace v. Mitchell*, 31 Wis., 539; *Moses v. Morris*, 20 Kan., 208.)

The petition in the case was in the usual form, and, among other things, averred that the defendant unlawfully detained the property. The answer was a general denial, which cast upon the plaintiff the burden of proving not only that the property was in the defendant's possession or control when the suit was instituted, but that he wrongfully withheld possession of the same from the plaintiff. He · wholly failed to prove either. The fact that Kiser, who took the pony from the plaintiff below under the chattel mortgage, was a deputy sheriff, was no justification for bringing this action against Depriest, the sheriff. There is no claim that the deputy acted under the directions of the sheriff, so as to make the latter in any manner responsible for his acts. Kiser did not procure the property by virtue of a legal writ, but in what he did he was merely the agent of the mortgagee.

It is certain that this action will not lie against Depriest, and it being established by uncontradicted testimony that the pony was not in his possession when the replevin writ was issued and served, the court below should have dismissed the action at the costs of the plaintiff. It was error to render judgment against the defendant for damages. As the property was not taken from him under the writ, and as he claimed on the trial no right or title to the same, the defendant was not entitled to a judgment for a return of the property, but was simply entitled to a judgment of dismissal, and for costs. The judgment of the district court is reversed, and the action is dismissed at the costs of the defendant in error in both courts.

REVERSED AND DISMISSED.