JAMES C. ROBB, HENRY KLEIN AND FREDERICK HAFFNER, v. MICHAEL DOBRINSKI.

(Filed September 3, 1904.)

1. **REPLEVIN—Plaintiff Must Recover on Strength of His Own Title.** The plaintiff in a replevin action must recover on the strength of his own title or right of possession, and not on the weakness of his adversary's title or right of possession, and the defendant may defeat the action by showing title even in a third person.

2. **SAME—Proof Necessary.** The plaintiff in a replevin action must prove the following facts: (1) That he is the owner of the property, or has a special interest therein; (2) That he is entitled to the immediate possession thereof; (3) That the property is wrongfully detained by the defendant. And the burden of proof is on the plaintiff to sustain these material averments of his petition.

3. **SAME—Defendant Must be in Actual or Constructive Possession of the Property.** An action of replevin cannot be maintained against one who is not in the actual or constructive possession of the property at the commencement of the action.

(Syllabus by the Court.)

*Error from the District Court of Blaine County; before James K. Beauchamp, Trial Judge.*

*P. S. Nagle* and *W. A. McCartney,* for plaintiffs in error.

*E. L. Hotchkiss* and *Doyle & Berge,* for defendant in error.

### STATEMENT OF FACTS.

This was an action in replevin brought by Michael Dobrinski against James C. Robb, Henry Klein and Frederick Haffner, to recover the possession of about seventeen hundred bushels of wheat. The material averments in the petition

are as follows: That on or about the first day of January, 1902, the defendant Frederick Haffner did take, steal and carry away about seventeen hundred bushels of wheat belonging to the plaintiff. That said Haffner took said wheat to the defendants James C. Robb and Henry Klein in the town of Hitchcock, Blaine county, Oklahoma, and delivered the same to them. That said defendants Henry Klein and James C. Robb took said wheat from the defendant Frederick Haffner with full knowledge of the manner in which he got possession of the same, and with full knowledge that it was plaintiff's wheat. That the plaintiff demanded the wheat from the defendants James C. Robb and Henry Klein, in whose possession it now is, and that the said defendants refused and neglected to deliver the wheat to the plaintiff. That the value of said wheat is fourteen hundred dollars, and that the plaintiff has been damaged in the sum of five hundred dollars for the wrongful detention of said wheat, and that the said plaintiff is entitled to the immediate possession thereof.

To this petition each of the defendants filed a separate answer, denying all the material allegations contained in said petition.

Upon the issues thus joined, the cause was tried to a jury and a verdict returned in favor of the plaintiff and against all of the defendants, for the possession of 1687 bushels of wheat of the value of $1197.77, and in addition thereto the jury assessed the damages for the detention of said wheat at the sum of $400.00. Judgment was rendered by the court in accordance with the verdict of the jury. A motion for a new trial was duly filed by the de-

fendants, which, on consideration by the court, was over-ruled, and an exception saved. Defendants bring the case here by case made for review.

Opinion of the court by

HAINER, J.: The first error assigned and argued by plaintiffs in error is that the petition does not state facts sufficient to constitute a cause of action, and that therefore the court erred in overruling the objection of the defendants to the introduction of evidence. We think this objection was well taken as to the defendant Haffner. The petition fails to state facts sufficient to constitute a cause of action against him. The petition does not allege that the wheat in controversy was in the possession of Haffner, or under his control. On the contrary, it alleges that he had delivered the wheat to the defendants Klein and Robb prior to the commencement of the action, and that the plaintiff demanded the wheat from the defendants James C. Robb and Henry Klein, in whose possession it was at that time. The plaintiff having alleged that the property was in the possession of the defendants Robb and Klein at the time the demand was made, and at the commencement of the action, it follows that Haffner could not wrongfully detain the same, and the petition was fatally defective as to him, and therefore it was error to overrule the objection as to the sufficiency of the petition as to him. But as to the other defendants, we are of the opinion that the petition states facts sufficient to constitute a cause of action, and the objection to the introduction of testimony as to them, was properly overruled.

The plaintiffs in error complain that the court erred in refusing to give the following instruction offered on behalf of the defendants:

"You are instructed that under the pleadings in this case, the plaintiff in this action must recover upon the strength of his own title, and not upon the weakness of the title of the defendants; and if you find from the evidence that the title to the wheat in controversy, at the beginning of this action, was in any other person than the plaintiff, then the plaintiff is not entitled to recover, and your verdict must be for the defendants."

The defendants claimed that they were the owners of the wheat, and entitled to the possession thereof by virtue of the purchase of the wheat by Haffner from Dobrinski on September 4, 1901. Haffner testified that at the time he made said agreement he purchased the farm and all of Dobrinski's wheat that was then stored on the farm. That the purchase price of the farm was $2900.00, and that they had agreed that there was 1668 bushels of wheat in the granaries at that time, and that he, Haffner, was to pay Dobrinski fifty-five cents a bushel for said wheat, the wheat to be paid for on January 1, 1902, at which time Dobrinski was to execute to Haffner a deed to the farm. That pursuant to this oral agreement, Haffner, on the following day, took possession of the farm, and the wheat in the granaries, and soon thereafter commenced to cultivate the land, and to sow another crop of wheat. That during the fall of 1901 he sold to the defendant Henry Klein the wheat that he had bought from Dobrinski, and subsequently Henry Klein sold and delivered said wheat to the defendant James C. Robb. Haffner is corroborated by a number of witnesses, who testify that Dobrinski had told them that he had sold his farm and wheat to Haffner.

It will thus be seen that Haffner claimed his title to

the wheat by virtue of his purchase, in good faith, from the plaintiff; and in these circumstances, and upon defendants' theory of the case, we think the above instruction not only correctly states the law as an abstract proposition, but was certainly applicable to the case under consideration, and as this point was not covered by any other instruction, this charge should have been given to the jury.

The law seems to be well settled that the plaintiff in a replevin action must recover on the strength of his own title or right of possession, and not on the weakness of his adversary's; and the defendant may defeat the action by showing title even in a third person. (Am. Dig., Century Edition, c. 2104).

In *Hacker v. Monroe,* 56 Ill. App. 532, it was held that:

"In replevin, where the right of property is in issue, the burden is upon plaintiff to show his right to the possession of the property, and he can recover only on the strength of his own title; and if he has parted with his ownership, for the obligation of another, without fraud, it is immaterial that defendants paid nothing for the property."

In *St. John v. Swanback,* 58 N. W. 288, the supreme court of Nebraska held that:

"The plaintiff in replevin must recover on the strength of his own title or right of possession, and not on the weakness of his adversary's."

It is contended by the plaintiffs in error that the court erred in giving instruction No. 13, which is as follows:

"You are instructed that the burden of proof is upon defendants to show by a preponderance of the evidence that defendant Haffner obtained possession of plaintiff's wheat and farm with the full knowledge and consent of plaintiff, and that said possession was taken because of a contract

honestly entered into between plaintiff and defendant Haffner, and that said Haffner did not in plaintiff's absence wrongfully take possession of said farm and wheat. If defendants do not show this by a preponderance of the testimony you should find for the plaintiff and against the defendants."

Under our code, the gist of the action of replevin is the. wrongful detention of the property in dispute. And in this case it was necessary for the plaintiff, in order to maintain his action, not only to plead, but to prove the following facts: (1) That he was the owner of, or had a special interest in the wheat in controversy. (2) That he was entitled to the immediate possession thereof. (3) That defendants wrongfully detained the same. And the burden of proof was on the plaintiff to sustain these material allegations of his petition. In this instruction the court put the burden of proof, in effect, on the defendants, to show that Haffner had not wrongfully taken possession of the wheat. It was incumbent upon the plaintiff to prove by a fair preponderance of the evidence that he was not only the owner of the wheat, but that he was entitled to the immediate possession thereof, and that the same was wrongfully taken and detained from him by the defendants or some one of them. The fact that Haffner claimed to have purchased the wheat from Dobrinski, in connection with the farm, did not put the burden of proof upon him or the other defendants. The instruction is also erroneous, for the reason that it invades the province of the jury, in this, that it assumes that it was the plaintiff's wheat and farm, which was misleading, and we think prejudicial to the rights of the defendants.

Again, plaintiffs in error assign and argue as error,

that the court erred in giving instruction No. 14, which, is as follows:

"You are instructed that if you find for the plaintiff from the evidence, then in estimating plaintiff's damages you have a right to consider all damages which plaintiff sustained which flow as a necessary result from the unlawful taking and detention of the wheat."

This instruction, in our opinion, was also erroneous, for the reason that it does not correctly state the true measure of damages. Our statute fixes the measure of damages, and the jury should have been charged accordingly. Nor did this instruction conform to the rule announced by this court in *Barse Live Stock Co. v. McKinster*, 10 Okla. 708, where the court laid down the correct rule as to the measure of damages in this class of cases under the provisions of our statute.

In our opinion, the court also erred in rendering judgment against the defendant Klein, upon the pleadings, the statement of counsel, the evidence, and the special findings of the jury. The evidence and the special findings of the jury show conclusively that the wheat in controversy was not in Klein's possession, or under his control, at the time this action was brought, and when demand was made upon him for the wheat. On the contrary, the evidence and the special findings of the jury show that the wheat was in the possession of the defendant James C. Robb, who had purchased the wheat from Klein. The evidence further shows that Haffner had, long prior to that time, sold and delivered the wheat to Klein, and that Klein had sold and delivered the wheat to Robb, and had been fully paid therefor, before this action was commenced, and before demand had been

made for the return of the same. And there is no evidence to show that the wheat was disposed of by either Haffner or Klein for the purpose of avoiding a writ of replevin.

The law seems to be well settled that an action of replevin cannot be maintained against one not in the actual or constructive possession of property, unless he has sold, disposed of or removed the same with the intent of avoiding the writ. (*Gildas v. Crosby*, [Mich.] 28 N. W. 153; *De Priest v. McKinstry*, [Neb.] 56 N. W. 806; *Riciotto v. Clement*, [Cal.] 29 Pac. 414; *Davis v. Van De Mark*, 45 Kan. 130, 25 Pac. 589;; *Gardner v. Brown*, [Nev.] 37 Pac. 240; A. & E. Enc. Law [2nd. ed.] vol. 24, page 495.)

Without expressing any opinion as to the merits of the controversy or the ultimate rights of the parties, it seems to us from a careful examination of the record that the allegation in the petition that the defendant Frederick Haffner stole the wheat in controversy, and that the defendants Klein and Robb aided and abbetted him in the stealing, is unwarranted. The testimony of Haffner, who is corroborated by a number of witnesses who have not been impeached, shows that he entered into a verbal contract with the plaintiff for the purchase of the land upon which the wheat was grown, that is the subject of this litigation, and that he also at that time purchased the wheat, and that a short time thereafter he took possession of the farm, and that he was at all times able, ready and willing to pay for the farm and the wheat in accordance with the terms of the contract, as soon as the title was conveyed to him by Dobrinski. The evidence also shows that in November, 1900, Dobrinski conveyed the farm in question to one John A. Webber by gen-

eral warranty deed, and without any reservation as to the crops growing thereon, the wheat in controversy having been grown in the fall and winter of 1900 and harvested in the summer of 1901. It further appears that Webber, being unable to pay the purchase price of the farm, and the notes and obligations that had become due. consented to reconvey the land to Dobrinski, and to relinquish all his right and claim to the wheat which was the subject of this litigation, and which was raised upon the farm. Thereupon, Webber, at the request of Dobrinski, executed a deed to the land to Henry Shultz, who was at that time a non-resident of the Territory of Oklahoma, and had no knowledge of the transfer of the property to him; and at the time the contract is claimed to have been made between Frederick Haffner and Dobrinski in reference to the purchase of the farm, the title to the land was absolutely in the name of Henry Shultz. The evidence further shows that Haffner openly, and at all times, claimed to be the owner of the farm and the wheat, and that the sale to Klein and from Klein to Robb was made in the due course of trade, and that the wheat was not taken and delivered secretly or stealthily. In these circumstances, we think the allegation of the petition that the property was stolen by Haffner, and that Klein and Robb aided and abetted him in disposing of the same, and the statement of counsel in the course of the trial that the wheat had been stolen, had no doubt a strong tendency to inflame the minds of the jurors, and was highly prejudicial to the rights of the defendants.

Other errors are assigned and argued, but as the case must be reversed and remanded and a new trial ordered, and

it is not likely that the errors will arise at the next trial, we deem it unnecessary to pass upon them at this time.

For the reasons herein stated, the judgment of the district court is reversed, and the cause is remanded with directions to grant a new trial.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.