## HART et al. v. GROVE.

No. 11871—Opinion Filed Sept. 25, 1923.

1. **Replevin — Defenses — Title in Third Party.**

In a replevin action it is not competent for defendant to prove as a defense right of possession in a third party unless he claims his right under or connects himself with such third party.

2. **Same—Possession Under Void Attachment and Under Mortgage.**

In a replevin action where the defendant is in possession of the property by a void attachment, and after the attachment is levied and the property unlawfully delivered to him, he acquires title to a past due note secured by a mortgage on the property, and without surrendering the possession under the attachment, sets up as defense his right to have and hold possession under the mortgage, held not a defense.

3. **Same.**

Under the facts above stated the defendant is subrogated to the rights of the mortgage, but this does not give him the right to possession against the mortgagor under the attachment; he must surrender the possession acquired under the attachment and repossess himself by foreclosure proceedings under the mortgage.

**4. Same—Action by Owner of Property—Instructed Verdict.**

In a replevin action where the proof shows that the plaintiff is the owner of the property, same being mortgaged to the bank, and he was deprived of possession by a void attachment proceeding on an account by the defendant, and the defendant took up the note and mortgage to the bank after the attachment was levied, and the attachment failed, and defendant retained possession of the property thus acquired, and the plaintiff offered to pay the note and mortgage, and defendant refused to accept payment unless the attachment claim was paid, which plaintiff refused to pay, it was not error for the court to instruct the jury to return a verdict in favor of plaintiff for possession of the property or its value and for damages.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Payne County; Arthur R. Swank, Judge.

Action by H. E. Grove against D. M. Hart and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Charles B. Steele, for plaintiffs in error.

J. M. Springer, for defendant in error.

Opinion by THREADGILL, C. This is an appeal from a judgment of the district court of Payne county. · The plaintiff in error was defendant and the defendant in error was plaintiff in the trial court and will be referred to in this opinion as they were there. It appears from the record that the plaintiff in 1915 was a railroad grade and oil field team contractor, and had been for many years; and prior to October 7. 1915, was a resident of Drumright, in Creek county; and was the owner of certain personal property. consisting of teams, wagons, harness, etc., which he used in his contract work. On June 29, 1915, he borrowed from the Drumright State Bank the sum of $709, for which he gave his note, secured by a chattel mortgage on this personal property. In the fall of 1915, by permission of the said bank, he loaded the mortgaged property on a train at Drumright and undertook to ship it to the state of Kansas for the purpose of performing a contract with a railroad construction company. In the course of transit, the property passed through Creek county to Cushing, in Payne county, and at Cushing the defendant, Hart, instituted an attachment proceeding against the property in the justice of the peace court on an account in the sum of $153. The property attached was delivered to Hart and without the consent of Grove. At the time the property was attached at the suit of Hart the mortgage to the bank in Drumright was in existence and held by the bank.

The attachment suit was tried on December 22, 1915, and judgment was rendered in favor of Grove, the plaintiff herein, and the order of attachment was dissolved and the property was ordered to be returned to him. Hart, the plaintiff in that suit, undertook to appeal from that judgment to the district court after the ten days for taking an appeal had expired, and the transcript of his appeal was filed in the district court, and on motion of Grove, the defendant in that case, the appeal was dismissed at the May, 1916, term; and Grove, not being satisfied with the judgment of dismissal, appealed to the Supreme Court, and the Supreme Court on October 14, 1919, affirmed the judgment of dismissal of the lower court, which ended the attachment controversy in favor of Grove, but his property was left in the possession of Hart and had been in his possession since the commencement of the attachment suit; and he used the property for his own profit and gain and had lost some of it, and upon demand of the plaintiff herein had refused to deliver possession. It further appears in the record that soon after the attachment suit was instituted the defendant took up the note and mortgage of the plaintiff at the Drumright State Bank and became subrogated to the rights of the bank, and before the plaintiff herein brought this replevin action to obtain possession of the property or its value and damages he offered to pay to the defendant the amount due on the note, which was made to the bank, and the defendant refused to accept payment without the plaintiff would pay the $153 for which the attachment suit had been instituted, and which the plaintiff refused to pay. Thereafter and on January 25, 1916, the replevin action was instituted in the district court of Payne county and was tried to the court and jury at the May, 1916, term, and resulted in a judgment in favor of the plaintiff, from which judgment an appeal was taken to the Supreme Court, and a new trial was ordered, and again the case was tried in the district court of Payne county at the May, 1920, term, and the jury returned a verdict in favor of the plaintiff and fixed the value of the property at $1,050. and the sum of $741.95 as damages, making a total of $1,791.95, in favor of the plaintiff, and over against this amount the jury found in favor of Hart upon the note and fixed the amount of his set-off in the sum of $913.24, and the court rendered judgment in favor of Grove in the sum of $878.71, and from this judgment the defendant has prosecuted this appeal to this court, asking for

a reversal of the judgment, and for this purpose, urges in his brief three assignments of error, as follows:

"(1) Errors of the court occurring during the trial and duly excepted to by the plaintiffs in error. (2) Errors of the court in giving certain instructions which were duly excepted to by plaintiffs in error; and refusing to give certain instructions requested by plaintiffs in error. (3) That said court erred in overruling the demurrer of plaintiffs in error to the evidence of defendant in error."

The court and all parties are agreed that this is a replevin action and the gist of it is the right of possession of the property involved. The principal facts are undisputed; the property belonged to Grove and was mortgaged to the Drumright State Bank for $709, and before this mortgage was made over to Hart, he got possession of the property by an illegal attachment, and before this action was brought the plaintiff offered to pay the defendant the amount due on the note and mortgage which defendant had taken up and which was past due, and defendant would not accept payment unless plaintiff would pay the attachment claim of $153, which plaintiff refused to do.

Some other issues in the case are conflicting, but the jury having determined them in favor of the plaintiff and there being substantial testimony, although conflicting, to support the verdict, the judgment will not be disturbed on this account.

The assignments of error, urged and discussed by the defendant in his brief, present only questions of law.

Under the first assignment defendant complains that the court erred in not permitting him to prove by his own verbal testimony that at the time he had an attachment levied on the property of the plaintiff in the attachment suit one Fred Passmore secured an attachment on the same property and this attachment had been in existence at all times since the same was served October 8, 1915. He says in his brief:

"This evidence would be competent to meet the issues set up by plaintiff in his replevin affidavit, that the property had not been taken by virtue of any order of delivery issued in replevin or any other mense or final process issued against him. This is a necessary part of his affidavit as shown by the 4th part of section 4599, Revised Laws 1910."

We cannot agree with this contention. In the first place, the offer was not properly made. If there was such attachment, it was a matter of record and the record

would have been the best testimony; if the record was lost the officer whose duty it was to keep the record would be the proper witness to testify to this fact.

The defendant's testimony would be only hearsay, but even if the record had been offered to prove the fact the defendant insists on, it would not have availed him anything as a defense unless he could have shown that he gained possession of the property through Passmore. The rule is clearly stated in 23 R. C. L. 922, as follows:

"* * * Where, however, the defendant has acquired his possession by wrongful invasion of actual possession of the plaintiff * * * it is generally held that he cannot prevail by showing outstanding title or right of possession in a third person, **unless he claims under or connects himself with such third person.**"

This rule is supported by many cases: Rankin v. Greer, 38 Kan. 343; Justice v. Moore, 69 W. Va. 51, 71 S. E. 204.

But again: If the defendant had been permitted and had successfully proven the fact that Passmore attached this property on the same day that he attached it, and that Passmore's attachment was still pending at the time this replevin action was brought, it would not avail him as a defense against this action, because at the time the attachment proceedings were had the title to the chattel mortgage on said property was in the Drumright State Bank. This is shown by the agreed statement of facts which was made a part of the evidence without objection, the same being as follows:

"It is further agreed that the property upon which said bank held a mortgage given it by the defendant (Grove) was seized by the officer under and by virtue of the attachment proceedings now pending in the justice of the peace court"
—and:

"That after the attachment proceedings were instituted and after the property was seized by the officer in said action, the said plaintiff paid and satisfied said bank's claim, note and mortgage lien as provided by law, which the defendant had heretofore made and delivered to the bank, and the said bank delivered the said note and mortgage to the said plaintiff in this cause."

This stipulation shows the status of the record at the time the defendant claims that Passmore attached the property, and this being true, under sections 7660 and 7661, Comp. Stat. 1921, and the decisions construing said sections, the attachment of Passmore, if there was such an attachment, would be absolutely void, because attachment lien and a mortgage lien on the same prop-

erty at the same time are incompatible. Dodder v. Moberly, 28 Okla. 334, 114 Pac. 714; Bailey v. Willoughby, 33 Okla. 194, 124 Pac. 955; Bell-Wayland Co. v. Miller-Mitscher, 39 Okla. 4, 130 Pac. 593; Moore v. Calvert, 8 Okla. 358, 58 Pac. 627.

2. The defendant further complains of the ruling of the court denying him the right to prove by his own testimony that he had made all the arrangements with the Drumright State Bank before the attachment was sued out to have the note and mortgage for the $709 transferred to him, and that after the attachment was levied the transfer was actually made to him, and in support of this contention defendant cites the case of Bell-Wayland Co. v. Miller-Mitscher, 39 Okla. 4, 130 Pac. 593. We have read this decision carefully, and we cannot see where it supports the contention of the defendant. It does hold that it is mandatory upon the part of the attaching creditor to pay off and satisfy the prior mortgage before he can proceed under the attachment, and the case further holds that it was not material in what way the prior mortgage was satisfied, but it must be satisfied before the attachment can be levied.

The defendant had entered into a stipulation as to what the facts were in that transaction and it was admitted in testimony, without any objection on his part, and he could not be heard to impeach this stipulation, and if he could impeach it and could have proven that in the transaction he had with the Drumright State Bank all of the arrangements were made to satisfy the bank and transfer the note and mortgage to him before the attachment was levied, and if the testimony was sufficient to show that he had become subrogated to the rights of the mortgagee before attaching the property, we cannot see where this would serve him as a defense without he had surrendered the possession of the property and had instituted foreclosure proceedings under the mortgage and obtained possession under its terms. The attachment having failed and his possession being unlawful under it, he could not set up as a defense any advantage he obtained under the attachment. If he asserts his advantage under the attachment, he waives his rights under the mortgage. Dix v. Smith, 9 Okla. 124, 60 Pac. 303.

Section 382, Compiled Laws 1921, provides for the disposition of attached property, and it appears from the facts in this case that there was no effort on the part of the defendant herein to comply with the provisions of this statute, and the attachment in that suit having failed, the defendant herein must be held to a strict account for the property taken under the void attachment, and since he violated the law providing for the disposition of attached property and obtained possession of the property in controversy wrongfully, he was a trespasser in the use of the same, and he cannot take advantage, in this replevin action, of his own wrong and claim the right to that possession under the mortgage transferred to him by the bank. In other words, he cannot obtain possession of the property wrongfully and take advantage of his wrongdoing to hold the possession thus obtained under the mortgage.

For the foregoing reasons, we must conclude that the court was right in sustaining the plaintiff's objections to the testimony offered, and the defendant's contention is not well taken.

The defendant in the next place contends that the court erred in not giving the following instructions requested by him:

"The court instructs you that when a creditor causes an attachment order to be issued and levied upon property upon which a third party holds a mortgage, the law requires that the attaching creditors shall satisfy said mortgage lien, and if you find from the evidence in this case that, the defendant D. H. Hart did on or about the 7th day of October, 1915, cause an order of attachment to be issued out of the justice court in the city of Cushing, before Justice of the Peace F. J. Springer, and levied upon the property involved in this action, and that the said D. H. Hart did as such attaching creditor satisfy a mortgage upon said property due the Drumright State Bank and the said mortgage was then due and unpaid, and that the plaintiff herein was the mortgagor in said mortgage, you are instructed that under the laws of the state of Oklahoma, that in the event that the attachment levied upon said property was defeated or for any reason fails, and the attachment was held not good, the party procuring the levy of such attachment shall be subrogated to all the rights of the mortgage in and to said property, and entitled to the possession thereof, and the defendant in this case would be entitled to a verdict at your hands."

This contains the principles of law under section 7661, Compiled Laws 1921, but its vice is in its application; it presupposes that the attaching creditors have complied with the conditions of said section, which the facts in the case fail to present. It also presupposes that the mortgagor has not offered to pay the indebtedness, and it is undisputed that the mortgagor in this case, as he had a right to (Smith-Wogan Hardware Co. v. Bice, 34 Okla. 294, 125 Pac.

456)., offered to pay the indebtedness and the defendant refused to accept payment unless he would pay the $153 claimed in the attachment suit, and was clearly not the law applicable to this case.

4. The defendant complains of Nos. 5 and 6 of the court's instructions, which were as follows:

"You are further instructed, as a matter of law and under the facts proven in this case, that the plaintiff was the owner of such property as you find from a preponderance of the proof was taken from this plaintiff in the attachment proceedings in the city of Cushing by the officer and turned over to the defendant D. H. Hart, and that the plaintiff is entitled to the immediate possession of said property, and the only question submitted to you for your consideration is the damages that the plaintiff has sustained by reason of the wrongful taking of his property, if any, and what sum, if any, is due to the defendant Hart on the note and mortgage.

"You are further instructed that the plaintiff is entitled to recover from the defendants in this case all of the property which you find from a preponderance of the proof, was taken from the plaintiff in the attachment proceedings, or in case a recovery of said property cannot be had, then the reasonable market value of said property, not to exceed the sum of $1,139, together with the reasonable usable value of said property from the time it was so taken to the present time, and that the reasonable value of the use of such property is to be determined by the ordinary market price of the use of such property at the time of taking and during the period of detention.

"In case you should find that said property did not have a distinct usable value, then the measure of plaintiff's recovery would be the return of the property, or in case a return cannot be had, then the reasonable market value of the same; together with interest on the value of the property at the rate of six per cent. per annum from the time of the taking of said property of this date.

"After you have determined all of the above, then you will offset against the same any sum or sums that you may find that is due to the defendant Hart on the note and mortgage which has been admitted in evidence, not to exceed however the sum of $629 and interest thereon at the rate of ten per cent. per annum, from the 29th day of May, 1916."

Under all the testimony in the case, this instruction states very clearly the law applicable to the facts proven, and it would serve no useful purpose to go into details in discussing them and would require a restatement of very much of the discussion already made; and we may further state that the instructions complained of are not in conflict with the cases cited by the defendant in support of his contention, because the facts are not the same.

5. The defendant finally complains that the court erred in overruling his demurrer to the plaintiff's evidence.

What has already been said in answer to the other complaints is sufficient answer to this. We think the defendant's contentions are unsupported by common sense, sound reasoning, the facts in the case, and the law applicable thereto.

The judgment of the court is affirmed.

By the Court: It is so ordered.