Katherine JONES, Plaintiff in Error,

v.

John McKENZIE, Defendant in Error.

No. 35795.

Supreme Court of Oklahoma.

June 21, 1955.

Geo. T. Arnett, and Ed R. LeForce, Idabel, for plaintiff in error.

Ed Shipp, Idabel, and O. A. Brewer, Hugo, for defendant in error.

BLACKBIRD, Justice.

The subject of this replevin action is the lumber and/or building materials derived from plaintiff's razing of the school house constructed and formerly used as the Brinkley School by School District No. 28, in McCurtain County. Plaintiff claims to have purchased said building from said school district after said school district, or at least the major portion thereof, was annexed to the Redland School District, (School District No. 33), and this building had been vacated and was no longer used for school, or any other, purpose. After the annexation, (according to defendant's attorneys' undisputed statement to both the trial Court and this Court) the land on which the empty building stood, was sold for delinquent taxes and defendant purchased same at a tax sale.

After plaintiff had had the building torn down and said building materials taken off the land and transported to, and unloaded at, the home of a Mrs. Harris, until such time as she could get it across a nearby unbridged creek to her own land, defendant, in her absence and without her consent, went and got the lumber at Mrs. Harris' and moved it to his own home.

After filing this action, plaintiff regained constructive possession of the property through a writ of replevin, but defendant executed a re-delivery bond and retained actual possession thereof.

In her amended petition, plaintiff alleged that thereafter defendant had sold said lumber to third persons; and she asked judgment against him for $250, its alleged value at the time it was taken, and for the further sum of $100 for loss of its use.

In defendant's answer and cross petition, he denied, generally, plaintiff's allegations and specifically denied that she was entitled to immediate possession of the materials involved.

At the trial plaintiff introduced evidence tending to show, among other things, that her bid of $85 was the highest bid School District No. 28 received for the building, and that she had paid the District said sum. By his questioning of plaintiff's witnesses, defendant's attorney attempted to show, not only that the statutory procedure for the sale of such a building by a school district had not been followed in the purported sale to plaintiff, but that, at the time of said sale, said building belonged, not to School District No. 28, but to the Redland District or School District No. 33, because of the above-described annexation. And, at the close of plaintiff's evidence, defendant demurred to it on the latter ground.

Plaintiff, as plaintiff in error, has perfected this appeal from the trial court's order sustaining said demurrer. We will continue our reference to both parties by their trial court designations.

Defendant's position, as revealed in his brief, is not that he became the owner of the school builiding by reason of his claimed purchase of its site at the tax sale, for, from said argument and the authorities he cites, including Derieg v. Board of Education, 202 Okl. 577, 216 P.2d 307, he apparently concedes that said building remained "school district" property even after said purchase. He still maintains, however, in his effort to show the correctness of the trial court's ruling on his demurrer, that the school district to which the materials in controversy belong is School District No. 33; and, that plaintiff not only could not, for this reason, obtain title thereto from School District No. 28, but that if the latter had the right to sell it, statutory requirements were not complied with in said sale.

His argument that because of such considerations the trial court's ruling on his demurrer was correct is based on the

rule that the plaintiff, in such an action, must recover on the strength of her own title rather than the weakness of her adversary's title, citing Robb v. Dobrinski, 14 Okl. 563, 78 P. 101. But in Hart v. Groves, 92 Okl. 203, 218 P. 855, this Court held that a right of possession in a third party is no defense to such action unless the defendant "claims his right under or connects himself with such third party." In his brief, defendant infers that the trial court's decision on his demurrer was proper even under this rule, because he is the owner of the land on which the school stood, and is an "elector" of School District No. 33. He fails to demonstrate, however, in what way either of these asserted facts are sufficient to "connect" him with such "third party" (said school district) under said rule. We think that even in jurisdictions like ours that have followed the rule requiring a showing of title in plaintiff, if said party makes it appear that he has a right to possession of the property and a special interest therein or color of title thereto, he is entitled to prevail as against one who shows no such right by reason either of his own interest or title, or that of a third party. In this connection see the Annotations at 150 A.L.R. 163, and particularly at page 192 et seq. Upon examination of plaintiff's evidence, we are of the opinion that, when considered in the light most favorable to her, as it must be for the purpose of acting on defendant's demurrer, Byrd v. Marlin, 208 Okl. 655, 258 P.2d 649, it is sufficient to establish a prima facie case for replevin. It shows at least color of title and "presumptive" right to possession in her, as against defendant, even though it may leave unanswered questions that might be formulated as to the validity and/or merchantability of her title, because of its revelations as to the procedure followed in the building's sale to her, and the title of her vendor. Accordingly, the trial court should have overruled defendant's demurrer to her evidence. The judgment is reversed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY and JACKSON, JJ., concur.

WELCH, J., concurs in conclusion.