333 N.W.2d 909 (1983)
214 Neb. 381
STATE of Nebraska ex rel. John DOE, Appellee,
v.
MID-NEBRASKA MENTAL RETARDATION SERVICES, a corporation, also known as Region III, Appellant.
No. 82-201.
Supreme Court of Nebraska.
May 20, 1983.
*910 William M. Connolly of Conway & Connolly, P.C., Hastings, for appellant.
Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley, Grand Island, for appellee.
Cline, Williams, Wright, Johnson & Oldfather, Lincoln, for amicus curiae Region V Mental Retardation Services.
Timothy F. Shaw, Lincoln, for amicus curiae Nebraska Advocacy Services for Developmentally Disabled Citizens, Inc.
KRIVOSHA, C.J., and BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.
WHITE, Justice.
Relator, a mentally retarded person, brought this action in mandamus in the District Court for Hall County, Nebraska, to compel the respondent, Mid-Nebraska Mental Retardation Services, a corporation, to provide services to him as a person entitled to those services pursuant to Neb.Rev. Stat. § 83-1,141 (Reissue 1981).
After trial the court issued a peremptory writ directing respondent to provide the services. Respondent appeals and alleges as error that the District Court improperly directed respondent to provide services to relator when respondent was prevented from doing so due to lack of funds.
We permitted amicus, Region V Mental Retardation Services, to file a brief. Amicus urges us to hold that mandamus was an improper remedy because the duty to provide the services by statute is given to the director of the Department of Public Institutions and the director of the office of mental retardation. The regional offices are the mere agents of these officials. The contention, simply put, is that relator has sued the wrong party. We agree, and accordingly reverse the decision of the trial court and dismiss the action.
The statutory scheme of services to the mentally retarded is as follows: "The Department of Public Institutions shall establish and staff an office of mental retardation and appoint a director for such office." § 83-1,141(2).
The director of the office of mental retardation is given the duty to carry out the policies set forth by Neb.Rev.Stat. § 83-1,142(1) (Reissue 1981): "To carry out the policies and purposes of section 83-1,141, the director of the office of mental retardation shall provide a comprehensive and integrated statewide plan for facilities, programs, *911 and services for mentally retarded persons, establish minimum standards for the operation of any facility or program providing services funded in whole or in part under the provisions of sections 83-1,141 to 83-1,146, provide such assistance as may be necessary to place a mentally retarded person in an appropriate facility or program ... and promulgate such rules and regulations as are necessary to carry out the provisions of sections 83-1,141 to 83-1,146...."
To facilitate the administration of the program, the directors act through a series of regional agencies, among them the respondent. The agencies are regulated closely by rule of the state office of mental retardation, including accounting, administration, and programs. Their budgets must be submitted to the director of the Department of Public Institutions for his recommendations. The regional agencies are controlled by the director of the Department of Public Institutions and office of mental retardation and clearly have no independent authority and no statutorily imposed duty. The duty imposed by the Nebraska statutes remains on the Department of Public Institutions and the director of the office of mental retardation.
"The writ of mandamus may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station." Neb.Rev.Stat. § 25-2156 (Reissue 1979). This statutory criterion has been interpreted to require three distinct elements before mandamus can be granted. "`To warrant the issue of mandamus against an officer to compel him to act, (1) the duty must be imposed on him by law, (2) the duty must still exist at the time the writ is applied for, and (3) the duty to act must be clear.'" State ex rel. Blome v. Bridgeport Irr. Dist., 205 Neb. 97, 102, 286 N.W.2d 426, 431 (1979), citing State ex rel. Goetz v. Lundak, 199 Neb. 585, 260 N.W.2d 589 (1977).
As no duty is imposed by law on the respondent, the writ cannot properly issue.
As this court will not generally issue advisory opinions, any discussion of the defense proposed by respondent in its answer and assigned as error must await an action directed against an appropriate party.
REVERSED AND DISMISSED.