IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STEWART V. PIRRUCELLO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

PAUL STEWART AND KARINA STEWART, APPELLANTS,

V.

MICHAEL A. PIRRUCELLO, APPELLEE.

Filed February 2, 2016.    No. A-14-856.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed as modified.

Laird T. Moore for appellants.

Mark S. Dickhute for appellee.

MOORE, Chief Judge, and INBODY and BISHOP, Judges.

MOORE, Chief Judge.

INTRODUCTION

Paul Stewart and Karina Stewart (the Stewarts) appeal from an order of the district court for Douglas County granting Michael A. Pirrucello's motion for summary judgment and denying the Stewarts' oral motion for leave to submit additional evidence in resistance to Pirrucello's motion. For the reasons that follow, we affirm as modified.

FACTUAL BACKGROUND

On February 21, 2012, the Stewarts entered into a purchase agreement to buy a home located in Omaha, Nebraska. Pirrucello was listed as the seller on the purchase agreement. The Stewarts paid $90,000 for this home and they received title to the property by virtue of a trustee's deed executed on March 13, 2012. The grantor on the trustee's deed is "Michael A. Pirrucello, Trustee of the Pirrucello Family Trust, created June 15, 2011."

- 1 -

Prior to the sale, on August 9, 2011, Pirrucello completed a Seller Property Condition Disclosure Statement (disclosure statement). On the disclosure statement, Pirrucello checked a box which indicated that the real property was not located in a "flood plain" or "floodway." In answering the question as to whether there were "any flooding, drainage, or grading problems" in connection with the real property, Pirrucello checked the box marked "do not know." In the seller's certification, Pirrucello signed in his individual name and without any indication of his role as trustee. The Stewarts signed an acknowledgment which indicated they had received a copy of the disclosure statement on February 21, 2012, the same day they entered into the purchase agreement.

The date of the closing was March 23, 2012, at which time the trustee's deed was delivered to the Stewarts. After moving into the home, the Stewarts allegedly discovered the property had "a terrible flooding problem." They described the nature of the flooding as water "cascading down the embankment in their backyard like a waterfall", leaving a large amount of debris in their backyard.

## PROCEDURAL BACKGROUND

On December 6, 2012, the Stewarts filed suit against Pirrucello in his individual capacity. The operative second amended complaint, filed on June 24, 2013, included two causes of action: (1) violation of Neb. Rev. Stat. § 76-2,120 and (2) breach of contract (i.e., breach of the purchase agreement). They sought damages in an amount not less than $15,000 and alleged that the specific amount of damages would be established at trial. In his answer, Pirrucello denied the Stewarts' allegations and asserted as an affirmative defense that Pirrucello in his individual capacity was not the seller and that the Stewarts had failed to join an indispensable party as a defendant. Pirrucello contended that the Stewarts were required to join Michael A. Pirrucello, Trustee of the Pirrucello Family Trust dated June 15, 2011, as a defendant.

On April 4, 2014, Pirrucello filed a motion for summary judgment. In the motion, Pirrucello alleged that he was joined personally as a defendant but was acting in a fiduciary capacity at all times with respect to the property. Pirrucello further contended that he was not required to complete the disclosure statement per an exception in Neb. Rev. Stat. § 76-2,120(6)(e), which exempts certain fiduciaries acting in their representative capacity from the requirement of furnishing a disclosure statement for a property before a sale unless they were a fiduciary when they occupied the property. Finally, Pirrucello alleged that § 76-2,120(12) requires an action regarding a disclosure statement to be brought within one year of the closing of the sale of real property.

A hearing on this motion was held on May 9, 2014. Various exhibits were received into evidence, including the quitclaim deed which originally transferred the property to Pirrucello as Trustee, the disclosure statement, the purchase agreement, the trustee's deed, and affidavits of Pirrucello, Kenton Duncan, and Karina Stewart.

Pirrucello stated in his affidavit that he accepted a quitclaim deed conveying legal title for this property from the Trustee of the Marian A. Pirrucello Living Trust on July 1, 2011. Marian is Pirrucello's mother. Pirrucello further averred that he never lived in the property, was not aware of any flooding problems on the property, and only held ownership of the property in his fiduciary capacity as trustee. Pirrucello admitted that he installed a drain tile system and sump pump in the

home's basement at the suggestion of a real estate agent who noticed that the home's basement walls were damp. However, Pirrucello stated that he installed this system as a selling point for the home and had no personal knowledge of any water issues with the home. Finally, Pirrucello stated that he signed all closing documents in his capacity as trustee.

The Stewarts offered two affidavits supporting their argument that Pirrucello was aware of the flooding problems with the property along with the notion that the property's flooding issues were well-known in the community. The first affidavit was of Kenton Duncan, a code inspector for the City of Omaha's Planning Department, and the second affidavit was of Karina Stewart, one of the plaintiffs in this matter.

Kenton Duncan stated in his affidavit that prior to February 2012, Pirrucello had called the City of Omaha's Planning Department "to complain about flooding from the parking lot adjacent to the property," specifically concerning "flooding and dirt washing under a shed in the backyard." Duncan further stated that based on this complaint, he went out to inspect the property. The affidavit did not discuss the results of the inspection.

Similarly, Karina Stewart stated in her affidavit that after purchasing the home, the Stewarts "learned that prior to February 2012, Michael Pirrucello . . . called the City of Omaha Planning Department to complain about flooding" on the property. In further support of her argument that Pirrucello had been aware of the flooding for a long time, Karina stated that after they had moved into the home, "a neighborhood groundskeeper actually inquired of us if they [sic] were aware of the flooding and how bad it was and whether anyone told them [sic] about it" and that prior to this conversation they were unaware of the flooding problem, "let alone that it had been a topic of conversation of the neighbors."

Karina also stated that she spoke with Mike McKnight, a local investigative journalist, who informed her that "he was called out the [sic] property about a year before we purchased the home to do a story on the flooding." McKnight also told her that "upon his arrival in a rainstorm, he was told to leave and that he was not to do a story on the flooding."

Finally, Karina stated in her affidavit that the Stewarts relied on the representations of Pirrucello in the disclosure statement that he did not know of any flooding and if they had known about the flooding, the Stewarts "never would have purchased this home."

Following receipt of the exhibits, Pirrucello's attorney argued with respect to both causes of action that the Stewarts had failed to sue the correct party because they only named Pirrucello in his individual capacity, not as trustee. Counsel further argued that with respect to the statutory cause of action, any suit naming Pirrucello in his capacity as trustee would now be barred by the 1-year statute of limitations in § 76-2,120(12). Finally, Pirrucello's attorney noted that the Stewarts had failed to adduce any evidence of the damages they sustained from the water in their backyard.

The Stewarts' attorney argued that Pirrucello was the actual seller in the transaction because neither the purchase agreement nor the disclosure statement mentioned Pirrucello as trustee. Stewarts' attorney admitted that they did not know the exact amount of their damages at the time of the hearing because they did not yet know the cost of repairing the flooding, but that there was a genuine issue regarding the amount of damages.

While the district court had the matter under advisement, the case was dismissed for lack of prosecution on June 9, 2014. The Stewarts filed a motion to vacate this dismissal on August 6,

2014, and Pirrucello filed a motion to reopen the evidence on his motion for summary judgment on August 8, 2014. A hearing on these motions was held on August 21, 2014. Following the hearing, the district court entered an order granting both motions on August 22, 2014.

In granting the motion to reopen the evidence, the court recalled that Pirrucello had earlier complained of receiving the Stewarts' affidavits without time to prepare responsive affidavits. Following the reopening of evidence on his motion for summary judgment, Pirrucello offered and the court received the affidavit of Kevin J. Denker into evidence as rebuttal to the evidence submitted by the Stewarts during the prior hearing on the motion. Denker is the Chief Code Inspector for the Code Enforcement Division of the Planning Department of the City of Omaha, and held that same position in February 2012.

Denker stated in his affidavit that the policy of the Department in February 2012 was to open a file for any complaint made to the Department regarding a potential property code violation. Each file would contain the name of the complainant and the address of the property. Denker further stated that he reviewed the records of the Code Enforcement Division of the City of Omaha for 2012 or earlier and found that "there is no file indexed under either the name of Pirruccello [sic] or the property address of 1913 South 46th Street." Denker interpreted this to mean that no complaint was made by anyone with the last name of Pirrucello or regarding the property at issue. Pirrucello's attorney argued that Denker's affidavit completely contradicts Duncan's affidavit regarding whether Pirrucello submitted a complaint and rebuts Karina Stewart's affidavit because it was based on Duncan's affidavit.

Following the court's reception of Denker's affidavit, the Stewarts made an oral motion for additional time to offer further evidence which was objected to by Pirrucello. When asked by the court what evidence the Stewarts had that would be rebuttal to Denker's affidavit, the Stewarts' attorney asserted that an affidavit of McKnight may serve the purpose of demonstrating that Pirrucello was aware of the flooding prior to the sale of the property. In response, Pirrucello's attorney argued that McKnight had been identified as a potential witness earlier (see Karina Stewart's affidavit) and that the Stewarts "had ample time prior to the previous hearing to adduce evidence from him that would support their claim that there was some sort of contact between (Pirrucello) and Mike McKnight." The court agreed and denied the Stewarts' oral request for additional time to offer further evidence.

Following additional argument, the court orally granted summary judgment in favor of Pirrucello. In its written order entered August 22, 2014, the court found that the Stewarts sued the wrong party in both causes of action, the statutory claim (against Pirrucello as trustee) was time barred, and the Stewarts had not furnished evidence of damages with respect to both claims. For these reasons, the court ordered summary judgment in favor of Pirrucello and dismissed the second amended complaint with prejudice.

The Stewarts have timely appealed.

## ASSIGNMENTS OF ERROR

Combined and restated, the Stewarts assert that the district court erred in granting summary judgment to Pirrucello and in allowing Pirrucello to offer additional evidence after vacating the dismissal while denying the Stewarts' request to do the same.

## STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *State Farm Fire & Casualty Company v. Dantzler*, 289 Neb. 1, 852 N.W.2d 918 (2014). See, also, *Potter v. Board of Regents of the University of Nebraska*, 287 Neb. 732, 844 N.W.2d 741 (2014).

## ANALYSIS

### INDIVIDUAL V. FIDUCIARY CAPACITY

The first basis for the district court's decision to grant summary judgment in favor of Pirrucello rested on the Stewarts' alleged failure to sue the correct party on both causes of action. Additionally, because of this failure the court ruled that the Stewarts' statutory disclosure statement claim was also barred by the statute of limitations. As a result of these findings, the court dismissed the entire complaint (both causes of action) with prejudice.

On appeal, the Stewarts argue that Pirrucello is the correct defendant and should be held personally liable for the allegedly incorrect statements made on the disclosure statement and purchase agreement regarding the condition of the property because he signed both documents in his individual capacity, not as trustee.

As discussed in detail below, the Stewarts' failure to sue the correct party is fatal to their disclosure statement claim under Neb. Rev. Stat. § 76-2,120. The district court properly granted summary judgment to Pirrucello on this basis and, due to the passage of the 1-year statute of limitations, correctly dismissed this first cause of action with prejudice. However, while summary judgment in favor of Pirrucello was also proper for the Stewarts' breach of contract claim for similar reasons, the court erred in dismissing this second cause of action with prejudice due to the 5-year statute of limitations for a breach of written contract claim.

### SELLER PROPERTY CONDITION DISCLOSURE STATEMENT

The Stewarts assert that the district court erred in granting summary judgment on their disclosure statement claim in favor of Pirrucello, which was based in part on the wrong party being sued. This first cause of action was brought pursuant to Neb. Rev. Stat. § 76-2,120(12), which establishes a cause of action for the purchaser of real property against the seller for damages if the sale of real property does not comply with the disclosure statement statutory requirements. The statute requires, among other things, the disclosure by the seller of the condition of the real property and any defects. § 76-2,120(2) and (4). The Stewarts sued Pirrucello in his individual capacity for violations of § 76-2,120, rather than in his capacity as trustee of the Pirrucello Family Trust. Although Pirrucello signed the disclosure statement individually without any reference to his role as trustee, the deed clearly identified the grantor as "Michael A. Pirrucello, Trustee of the Pirrucello Family Trust."

The issue before this court is whether, under this undisputed set of facts, Pirrucello may be sued in his individual capacity as the "seller" under this statute. Neb. Rev. Stat. § 76-2,120(1)(d)

defines "seller" as "an owner of real property who sells . . . residential real property, whether an individual . . . or trust." Section (3)(i) of the statute requires that the disclosure statement include language "[t]hat the information provided in the statement is the representation of the seller and not the representation of any agent and that the information is not intended to be part of any contract between the seller and purchaser." The disclosure statement executed in this case included this required language. See, also, *Bohm v. DMA Partnership*, 8 Neb. App. 1069, 607 N.W.2d 212 (2000) (information provided in written disclosure statement is representation of seller and not representation of any agent, and information is not intended to be part of any contract between seller and purchaser); *Burgess v. Miller*, 9 Neb. App. 854, 621 N.W.2d 828 (2001).

Thus, while Pirrucello did not sign the disclosure statement in his capacity as trustee, the deed transferring the property to the Stewarts clearly identified him as such and established that the seller of the real property was Pirrucello in his role as trustee of the Pirrucello Family Trust. Because only the seller of the property can be liable under § 76-2,120, the Stewarts' cause of action was against Pirrucello as trustee of the trust. At the time of the real estate closing (and prior to the institution of their lawsuit), the Stewarts clearly had knowledge of the identity of the seller through the trustee's deed, which they received at the time of closing and which they caused to be recorded with the Douglas County Register of Deeds on the same day as the closing.

Therefore, because the Stewarts failed to sue the "seller" for a violation of the disclosure statement statute, suing Pirrucello individually rather than as trustee, the district court was correct in finding that the wrong party was sued.

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *DMK Biodiesel v. McCoy*, 290 Neb. 287, 859 N.W.2d 867 (2015). We conclude that there is no genuine issue of material fact that as a matter of law, the Stewarts' cause of action under the disclosure statement statute claim was against Pirrucello as trustee of the Pirrucello Family Trust, the seller of the real estate, and not against Pirrucello individually. The district court did not err in granting summary judgment in favor of Pirrucello on the first cause of action.

As applied to the context of this case, when a suit is brought against the wrong party dismissal is the proper result. *State ex rel. Doe v. Mid-Nebraska Mental Retardation Services*, 214 Neb. 381, 382, 333 N.W.2d 909, 910 (1983). See, also, *De Priest v. McKinstry*, 38 Neb. 194, 196-197, 56 N.W. 806, 807 (1893). And, on the first cause of action, the court did not err in dismissing this claim with prejudice.

The statute under which the Stewarts' disclosure statement claim was brought establishes a 1-year statute of limitations. Specifically, the statute provides that "any action to recover damages under the cause of action shall be commenced within one year after the purchaser takes possession or the conveyance of the real property, whichever occurs first." Neb. Rev. Stat. § 76-2,120(12). The record reveals that the trustee's deed was executed on March 12, 2012 and it was conveyed to the Stewarts at the time of the closing on March 23, 2012, at which time the Stewarts assumed possession of the property. Thus, when the district court entered summary judgment on August 22, 2014, the 1-year limitation period had clearly expired. Because the Stewarts failed to sue Pirrucello

in his capacity as trustee within the time period required by the statute, the district court was correct in dismissing the first cause of action with prejudice.

PURCHASE AGREEMENT

The Stewarts assert that the district court erred in granting summary judgment on their second cause of action for breach of contract. This breach of contract claim centers on paragraph 23 of the purchase agreement, where Pirrucello represented "to the best of Seller's knowledge, information and belief, there are no latent defects in the property."

As established above, although the purchase agreement did not specify that Pirrucello was acting as trustee in executing the agreement, the grantor/seller of the property was clearly identified as Pirrucello as trustee of the Pirrucello Family Trust in the deed conveying the property to the Stewarts. Our conclusion that the proper defendant in the breach of contract claim was Pirrucello in his representative capacity as trustee is further supported through application of the doctrine of merger. The rule or doctrine of merger is that upon the delivery and acceptance of an unambiguous deed, all prior negotiations and agreements are deemed merged therein. *Griffith v. Drew's LLC*, 290 Neb. 508, 860 N.W.2d 749 (2015). Therefore, the purchase agreement is considered to have merged with the trustee's deed, and the deed in turn makes it clear that Pirrucello was acting as trustee for the Pirrucello Family Trust in the execution of these documents.

Once again, we conclude that there is no genuine issue of material fact and that as matter of law, the proper party to sue on the Stewarts' breach of contract claim was Pirrucello as trustee of the trust.

Having established that the district court was correct in granting summary judgment in favor of Pirrucello on the second cause of action, next we consider whether the court erred in dismissing this claim with prejudice.

As established in Neb. Rev. Stat. § 25-205(1), the statute of limitations for a breach of written contract claim is 5 years. A breach of a purchase agreement is treated as a breach of contract. See *Stauffer v. Benson*, 288 Neb. 683, 684, 850 N.W.2d 759, 762 (2014).

While we do not decide when the cause of action for the alleged breach of contract commenced to run in this case, assuming without deciding that it commenced to run in March 2012, at the time the district granted summary judgment in August 2014, the 5-year statute of limitations had not run. Therefore, it was error to dismiss this cause of action with prejudice as to any defendant other than Pirrucello individually. Thus, we modify the district court's dismissal of the second cause of action to be without prejudice as to any defendant other than Pirrucello individually.

Given our determination that summary judgment was proper because the Stewarts' complaint was not brought against the correct party, this court need not address the other assignments of error raised in this case. See *Flores v. Flores-Guerrero*, 290 Neb. 248, 859 N.W.2d 578 (2015) (an appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it).

- 7 -

CONCLUSION

The district court did not err in granting Pirrucello's motion for summary judgment on both causes of action brought by the Stewarts and in dismissing their first cause of action with prejudice. However, the district court did err in dismissing the Stewarts' breach of contract cause of action with prejudice as to any defendant other than Pirrucello individually because the statute of limitations for such a claim has not yet passed.

AFFIRMED AS MODIFIED.